## MART ROBERSON V. THE STATE.

### No. 1635. Decided January 12, 1898.

**1. Live Stock Quarantine—Movement of Stock Within State—Regulations of the Commission.**

Where the statute with regard to the movement of live stock (Revised Statutes, article 5043k) provided that the quarantine regulations of the Live Stock Sanitary Commission should not apply from the 1st of November to the 15th day of May of each year to the shipment or moving of live stock within the limits of the State, Held, the said Live Stock Sanitary Commission had no authority to prohibit the driving of such stock within the State between the 15th of February, 1896, and the 15th day of November, 1896, and a driving on the 7th day of April, 1896, constituted no offense, although it was violative of such order—the order being void.

**2. Same—Conformity to Federal Regulations.**

That provision of article 5043k, Revised Statutes, requiring State live stock quarantine lines to conform to the federal quarantine line established by the United States government, has nothing whatever to do with the question as to when live stock can or can not be moved within the State.

APPEAL from the County Court of Foard. Tried below before Hon. ROBERT COLE, County Judge.

Appeal from a conviction for violation of the regulations and orders of the State Live Stock Sanitary Commission as to driving of stock; penalty assessed at a fine of $250.

The information charged, to wit, "500 head of cattle from the area of country south and east of said line over said quarantine line and into that area of country north and west of said line and into Foard County, Texas." A second count charged, that on or about the 10th day of April, 1896, and subsequent to the 15th day of February, 1896, in the county of Foard, the defendant "unlawfully and knowingly had in his possession 500 head of cattle, the same being domestic live animals which were then and there infected with a contagious and infectious disease, to wit, southern or splenetic fever, and did then and there knowingly keep said 500 head of cattle so infected in Foard County, Texas, where other cattle not infected by or exposed to such disease were exposed to the said contagion and infection."

Defendant excepted to the information for the following among other reasons: 1. Because the law did not invest the Live Stock Sanitary Commission with the authority to fix any quarantine line against Texas or splenetic fever, or prescribe any regulations in reference thereto between the 1st day of November and the 15th day of May of each year. 2. Because the orders of the said commission are in violation of law and void.

The exceptions were overruled.

*F. E. Dycus,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of driving cattle across the quarantine line established by the Live Stock Sanitary Commission of the State of Texas, and fined $250; hence this appeal.

In driving the cattle, he evidently violated the order of the commission. The question before us is whether the commission had a right to fix the time (as was done in this case) for the driving of cattle. The commission prohibited, by an order, the driving and moving of cattle across a certain line from the 15th day of February, 1896, to the 15th day of November, 1896. The commission had no authority to make any such order. In doing so they violated the plain, unequivocal provisions of the statute upon this subject. The statute (Revised Statutes 1895) provides as follows: "Art. 5043k. Any quarantine line that may be fixed by the Live Stock Sanitary Commission against Texas or splenetic fever, shall be so fixed as to conform to the federal quarantine line established, or that may be established, by the United States department of agriculture; provided, however, that as to the shipment or movement of live stock within the limits of the State, such quarantine lines, and the regulations in relation thereto, shall not apply from the 1st day of November to the 15th day of May of each year; provided the quarantine line now recognized and established by federal authority within the State of Texas shall not be changed prior to December 1, 1893, but said line as is now established shall remain in full force until said date." There is no conflict in the evidence as to the following facts: That appellant was on or about April 1, 1896, in the employ of J. F. Wilson, as ranch manager of his cattle, and as such manager, on the 7th day of April, 1896, did drive a herd of cattle belonging to said Wilson, consisting of about 500 head, from Wilbarger and Archer counties into the Wilson pasture in Foard County, Texas, crossing the quarantine line. Appellant had a right to drive the cattle across the line at that time, because the statute expressly provides that, as to the shipment and movement of live stock within the limits of this State, such quarantine lines, and the regulations in regard thereto, shall not apply from the 1st day of November until the 15th day of May of each year. It is insisted by the Assistant Attorney-General that the quarantine line established must conform with that established by the federal authorities. This position is correct, but it has nothing whatever to do with the question as to when the cattle can or can not be moved within this State. We deem it unnecessary to discuss the question as to whether the Legislature could confer the powers which have been conferred upon the Live Stock Sanitary Commission. When necessary, we will discuss that question. The indictment charges no offense against the laws of this State, and should have been quashed upon motion of appellant.

The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*