## FINCH *v.* THE STATE.

Evidence that a fluid sold by the accused was red in color, looked like liquor, burnt like liquor, and had an effect like cheap whisky or beer, is sufficient to authorize his conviction under an indictment charging him with having sold spirituous and malt liquors and intoxicating bitters without having registered as a dealer therein ; it appearing that the accused had not so registered.

Submitted April 22,— Decided May 10, 1904.

Indictment for unlawful sale of liquor.    Before Judge Brannen. City court of Statesboro.    February 15, 1904.

*H. B. Strange* and *Tyler & Anderson,* for plaintiff in error.

*Howell Cone, solicitor,* and *B. T. Rawlings, solicitor-general,* contra.

COBB, J.    The indictment charged the accused with having sold spirituous and malt liquors and intoxicating bitters without having registered his name as a dealer.    His motion for a new trial was based upon the general grounds only, and having been overruled, he excepted.    There was but one witness in the case, and his testimony was, in substance, as follows:    I bought something from Mr. Finch in the fall of 1901.    It was a pint flask, with something red in it.    I paid him forty cents for it.    I don't know what it was; the bottle never had any label on it.    I took three drinks of it.    I can't say it was whisky.    I don't know what it was.    I called for something to drink, and he gave me the stuff I bought.    On cross-examination the witness testified that if what he bought was whisky, it was the poorest grade he ever drank; that it was not gin, nor rum, nor beer, and it was not bitter; that it was red and had a burning effect like a cheap grade of whisky; that it had a similar effect to liquor, looked like whisky, and had an effect something like beer; that it was not as strong as good whisky; had an effect about like cheap whisky, rum, or gin; that it was stronger and burnt more than beer.

While not sufficient to show what particular kind of liquor the accused sold, this evidence was, we think, sufficient to show that the witness bought from him some kind of liquor, probably

whisky. The jury could read between the lines. They could see that the witness was making a palpable effort to dodge, and the testimony makes the same impression upon our minds that it did upon theirs,—that the accused was guilty. It was not necessary to show what particular kind of liquor he sold, because if he sold any liquor of the kind described in the indictment, he was guilty of the offense charged. The evidence was sufficient to show that the liquor was spirituous. It was red, looked like whisky, burnt like liquor, and had an effect like cheap whisky or beer. We think the jury were warranted in inferring from these circumstances that it was whisky or some other spirituous liquor.

*Judgment affirmed. All the Justices concur.*