Jesse Whitten v. The State.

No. 7456.  Decided April 11, 1923.

Rehearing denied June 20, 1923.

1.—Selling Intoxicating Liquor—Indictment—Negative Averment.

Where the indictment was returned subsequent to the amendment of the Dean Law, which took the exceptions out of the enacting sections of the law, there is no necessity to negative said exceptions. Following Stringer v. State, 92 Texas Crim. Rep., 46, and other cases.

2.—Same—Evidence—Bill of Exceptions.

Where, upon trial of selling intoxicating liquors, after the defendant had denied making the sale and the State's witness had given positive testimony that he had purchased white corn whisky from defendant in a fruit jar, there was no error in permitting a witness who was present to testify that while he did not know what was in the fruit jar that it looked like white corn whisky.

3.—Same—Evidence—Harmless Error.

Where the bill of exception, complaining of the fact that the State's witness testified that he was a married man and had two small children is so qualified as to appear that the testimony came in without objection, there was no error.

4.—Same—Bill of Exceptions—Qualification.

Where the qualification to the bill of exceptions made the alleged objection to the testimony inoperative, there was no reversible error.

5.—Same—Burden of Proof.

The burden of showing the sale was one of the excepted purposes in the law was upon the defendant, and the court properly refused the requested charge to the contrary. Following Robert v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 87.

6.—Same—Soldier's Discharge—Character of Defendant.

Where the bill of exceptions does not show that the good moral character of the defendant was made an issue by him in the case, there was no error in refusing to admit in evidence defendant's discharge from the army.

7.—Same—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence supports the conviction, there was no reversible error.

8.—Same—Rehearing—Bills of Exception—Qualification.

This court cannot consider appellant's objections to the qualification placed upon the bills of exception, no such objection having been made in the trial court.

9.—Same—Evidence—Opinion of Witness.

We can perceive no error in a State's witness being permitted to state that the liquor in the fruit jar looked like whisky.

10.—Same—Former Jeopardy—Practice on Appeal.

There was no plea of jeopardy presented upon trial of the case, and this court cannot now consider that question in connection with this case.

Appeal from the District Court of Red River. Tried below before the Honorable Austin S. Dodd, Special Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. T. Thompson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Red River County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

The charge in the indictment was the sale of intoxicating liquor to one Jacobs. Jacobs testified that on the occasion in question he bought from appellant a quart of whisky some time in March or April, 1922.

Appellant has several bills of exception, the first complaining of the court's refusal to quash the indictment, his motion being based on the fact that said instrument failed to negative the exceptions contained in the Dean law. This indictment was returned subsequent to the amendment of the Dean law which took said exceptions out of the enacting section of the law since which time this court has held it not necessary to negative said exceptions. Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep. 159; Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep. 472. There are many other decisions of this court to the same effect. We desire to commend the action of the learned trial judge in the careful qualifications placed by him upon the bills of exception.

Appellant presents three bills of exception to the testimony of State witness Artis. In one it is complained that said witness was permitted to testify that while he did not know what was in the fruit jar involved in the transaction between appellant and Jacobs, that it looked like white corn whisky. It appears from the court's qualification that this witness was testifying in rebuttal, and after the appellant had denied making a sale of any whisky to State witness Jacobs. Jacobs had given positive testimony to the effect that he had purchased white corn whisky from appellant in a fruit jar and that Artis, the witness above mentioned, was present. We think it permissible for Artis upon rebuttal on behalf of the State to say that what was in the fruit jar looked like corn whisky.

The bill complaining of the fact that Artis testified that he was a married man and had two small children, is so qualified by the trial court as to appear that the testimony came in practically without objection. The other bill complaining of the testimony of this witness presents appellant's objection to his stating that he saw defendant give witness Jacobs $2.50. The qualification to this bill sets forth that Artis testified that he saw the money pass between appellant and Jacobs, and that the money was in greenbacks as witness remembered it, and that said witness did not testify at all that the money passed from the defendant to Jacobs, but that all the money passed from Jacobs to the defendant.

It is complained by another bill of exceptions that the court refused

to instruct the jury that before they could convict they must find
that the intoxicating liquor was not sold for mechanical, etc., pur-
poses. Since the rendition of the opinion in the case of Robert v.
State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 87, we have uniform-
ly held that the burden of showing that the sale was for one of the
excepted purposes was upon the defendant, and the court properly-
refused the charge in question. There further appears a qualification:
of the trial court to the bill of exceptions which states that there was
no testimony tending to show that the liquor in question was sold
for any of the excepted purposes.

It is also complained that appellant offered in evidence his dis-
charge from the United States Army to prove his good moral
character. We do not think such evidence admissible as affecting
the character of the accused at the time of this trial, and the State
admitted that during the time appellant was in the service that he
bore a good character and reputation as a soldier. We are not ap-
prised by the bill of exceptions of any manner in which the good
moral character of the appellant was made by him an issue in the
case.

The evidence being amply sufficient to support the verdict, and
none of the contentions of appellant appearing to be sound, the
judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant files an able brief in support
of his motion for rehearing and in the light of the snumerous au-
thorities we have again reviewed the record. We regret we can not
consider appellant's objections to the qualifications placed upon the
bills of exception, no such objection having been made in the trial
court, and we can not consider an effort to so attack the bills of ex-
ception in a motion for rehearing. We must treat such qualified
bills as having been accepted in their present form by the appellant.

The purchaser of the liquor alleged to have been sold, swore posi-
tively that he bought from appellant a quart of white corn whisky
for which he paid him $2.50. The State rested its case on the tes-
timony of this witness. Appellant then took the stand and swore
positively that he did not sell said witness on the occasion in question
liquor of any kind. The State then introduced witness Artis who
testified that he saw appellant and the alleged purchaser on the oc-
casion in question and that one had a jar with some kind of liquor
in it, and the other had money in his hand which he paid over. We
again state that we can perceive no error in said witness being per-
mitted to state that the liquor in the jar looked like whisky. There

was no plea of jeopardy presented upon the trial of the case, and this court can not now consider that question in connection with this case. We have carefully gone over the matters involved as presented by the various bills of exception and conclude that our former decision of the case was correct.

The motion for rehearing will be overruled.

*Overruled.*