[Crim. No. 823.   Third Appellate District.—December 31, 1924.]

## THE PEOPLE, Respondent, v. CARLO COLOMBO, Appellant.

[1] CRIMINAL LAW — INTOXICATING LIQUORS — POSSESSION OF — PRIOR CONVICTION—PLEADING—AMENDMENT DURING TRIAL—PREJUDICIAL ERROR.—In a prosecution for the unlawful possession of intoxicating liquor, where the information, which included a prior conviction on a charge of unlawful possession of intoxicating liquor, was read to the jury after the defendant had pleaded not guilty and denied the prior conviction, the action of the trial court in permitting the district attorney, upon it being shown at the trial that the record relating to the prior conviction showed a conviction of a different offense than that charged in the information, to amend the information was prejudicial to the substantial rights of the defendant.

[2] ID.—PRIOR CONVICTION—ARRAIGNMENT.—When a defendant is arraigned on a charge containing an allegation of a prior conviction he is not called upon to state that he has suffered a prior conviction of an offense other than the one charged.

[3] ID.—PLEADING—PRESUMPTIONS.—It must be presumed that the defendant would have admitted the prior conviction at his arraignment if it had been correctly charged.

[4] ID. — PRIOR CONVICTION—PLEADING.—It is not necessary to allege previous convictions with the same particularity as if the party was charged originally with the commission of such offense.

[5] ID.—WARNING GIVEN TO DEFENDANT BY WIFE — ADMISSIBILITY OF TESTIMONY — PRIVILEGED COMMUNICATIONS.—In such prosecution, the testimony of the sheriff to the effect that defendant's wife warned defendant of the approach of the sheriff was admissible

only because the defendant acted upon the warning in endeavoring to dispose of the liquor alleged to have been in his possession, and the admission of such testimony was not violative of the statutory provision prohibiting a husband or wife from being examined for or against the other without the other's consent.

[6] ID.—VERDICT — EVIDENCE—APPEAL.—In such prosecution, the evidence relating to the smell of the liquor, the defendant's actions with relation to the warning given him, including his pale face and his act of flushing out the sink, and the color of the liquor, when considered together, was sufficient to justify the verdict, and the question for the jury to determine being one of fact, their verdict is conclusive on appeal.

[7] ID.—CHARACTER OF LIQUOR—EVIDENCE.—A witness may testify as to the character of a liquor from its color, taste, or smell.

---

(1) 31 C. J., p. 827, n. 96, 98. (2) 16 C. J., p. 1342, n. 92 New. (3) 17 C. J., p. 218, n. 73 New. (4) 31 C. J., p. 735, n. 83. (5) 40 Cyc., p. 2213, n. 34. (6) 17 C. J., p. 255, n. 53; 33 C. J., p. 761, n. 53, p. 774, n. 14, p. 788, n. 85. (7) 33 C. J., p. 775, n. 34.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. J. T. B. Warne, Judge. Reversed.

The facts are stated in the opinion of the court.

J. B. Curtin and A. S. Ormsby for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information filed in this case charged the defendant with the unlawful possession of intoxicating liquor on the thirteenth day of January, 1924. In a separate count it charged:

"That prior to the 13th day of January, 1924, to-wit the 5th day of November, 1923, defendant above named was convicted in the justice's court of Fourth Township, Tuolumne County, California, on a charge *of unlawfully having and possessing intoxicating liquors, containing in excess of one half of one per cent of alcohol, which was fit for use for beverage purposes,* contrary to the provisions of the act commonly referred to as the Wright Act.''

---

The information then concluded in the stereotyped language, ''contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California.''

The defendant entered a plea of not guilty and denied the prior conviction. The jury returned a verdict of guilty as charged and found that the defendant had suffered a prior conviction of violation of the Wright Act. (Stats. 1921, p. 79.) This appeal is from the judgment entered on the verdict and from the order denying defendant's motion for a new trial.

The sheriff of the county testified that on the thirteenth day of January, 1924, he went to defendant's hotel, armed with a search-warrant, for the purpose of searching the premises for intoxicating liquors; that when he drove up in his automobile the defendant's wife ''hollered 'Charley' three times very loud, or 'Carlo'; it sounded like Charley to me''; that the witness immediately ran to the kitchen and that about the time he arrived there the defendant ''dumped some liquor into the sink from a coffee-pot; that the witness saw the discoloration in the sink made by the liquor and stooped over the sink and smelled the liquor; that the defendant was very pale and washed the coffee-pot with a dish rag; that when the witness turned away from the sink the defendant ''turned to the stove and got a pitcher of hot water and flushed it into the sink, and he flushed this stuff out''; that the witness ''had considerable experience in the smelling of alcoholic liquors'' and ''can determine from the smell of alcoholic liquors whether it is whisky, wine, or brandy''; that the liquor turned into the sink was ''corn whisky''; that there was ''just a small odor of liquor'' in the coffee-pot after it had been washed; that he made a thorough search of the premises but found no other intoxicating liquor except a bottle in a guest's room. It is not claimed that this bottle of liquor was in defendant's possession. The defendant denied that he heard his wife call to him, or that he had any liquor in his possession or turned any into the sink. He also denied other parts of the sheriff's testimony which it is not material here to discuss.

[1] The last witness produced by the People was the justice of the peace of Fourth township, who identified the record of the alleged prior conviction. The complaint in

that action charged that the defendant, on the first day of November, 1923, "did then and there willfully and unlawfully have, possess and have in his possession equipment, ingredients and property designed and used in the manufacture of intoxicating liquors for use for beverage purposes, said equipment consisting of a still with grain, mash and container for the same." To this charge the defendant entered a plea of guilty on the fifth day of November, 1923. On the same day he was sentenced to pay a fine of $500, which he immediately paid. The defendant objected to the introduction of the record in evidence on the ground that it showed a conviction of a different offense than that charged in the information. On motion of the district attorney, and over defendant's objection, the court then ordered the information amended by striking out the words thereof which are herein italicized. The record of the prior conviction was then admitted in evidence over defendant's objection.

Section 1008 of the Penal Code provides: "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant." It is clear that the amendment here allowed prejudiced the substantial rights of the defendant. He had properly denied the prior conviction alleged in the information, because the allegation thereof in the original information was not true. [2] When a defendant is arraigned on a charge containing an allegation of a prior conviction he certainly is not called upon to state that he has suffered a prior conviction of an offense other than the one charged. At the beginning of the trial, the information was read to the jury, including the part relating to the prior conviction, and the record of the prior conviction actually suffered had been identified by the justice of the peace as an action "charging the defendant with a violation of the provisions of what we call the Wright Act" and offered in evidence prior to the amendment to the information. [3] It must be presumed that the defendant would have admitted the prior conviction at his arraignment if it had been correctly charged. Section 1025 of the Penal Code provides that when a prior conviction is charged, "in case the defendant

pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.'' Section 1093, subdivision 1, provides that in cases where the indictment or information ''charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction.'' In *People* v. *Thomas,* 110 Cal. 41, 44 [42 Pac. 456], it is said that the violation of the provisions of the foregoing sections of the Penal Code ''was not only erroneous, but highly prejudicial to the defendant.'' The prejudice to the defendant's rights in this case is in no sense less than in the case cited.

Had the amendment been made before trial, with the opportunity for defendant to admit the previous conviction, his rights would not have been prejudiced thereby, and it will be sufficient to give him such opportunity before the retrial of the case. While the charge of the prior conviction is not well expressed, as the information now reads, there is no doubt as to what is intended. [4] ''It is not necessary to allege previous convictions with the same particularity as if the party was charged originally with the commission of such offense.'' (31 C. J. 735.) In *State* v. *Gilfilen,* 124 Wash. 434 [214 Pac. 831], the defendant was charged with the unlawful possession of intoxicating liquor and with ''having heretofore been twice convicted of a violation of the liquor laws of the state of Washington,'' giving the dates of such convictions and the court in which they were had. This was held a sufficient charge of the prior convictions. Section 969 of the Penal Code provides that a previous conviction of a felony may be charged by stating: ''That the defendant, before the commission of the offense charged in this indictment or information, was in (giving the title of the court in which the conviction was had) convicted of a felony.'' In *Alsheimer* v. *State,* 165 Wis. 646 [163 N. W. 255], it is said that the prior conviction ''must be alleged in the information, and if not so alleged when it is filed it may be amended on leave of the court.''

[5] Appellant contends that the admission of testimony to the effect that the defendant's wife warned him of the approach of the sheriff was violative of the statutory provision prohibiting a husband or wife from being examined for or against the other without the other's consent. (Code

Civ. Proc., sec. 1881, subd. 1; Pen. Code, sec. 1322.) It is clear that the sections cited have no application. Her warning, if given, was not in the nature of an admission of anything that her husband had done and the testimony relative thereto was not introduced as an admission by her. Such evidence was admissible only because the defendant acted upon the warning in endeavoring to dispose of the liquor alleged to have been in his possession.

[6] Appellant urges that there is no evidence of the character of the alleged liquor except the smell thereof, and that hence it is insufficient. The attorney-general well says: "Smell is one of the senses by which a human being receives and records facts, the same as sight, touch, hearing and taste. It is as accurate as any of the senses. . . . It is within the common knowledge of all that the sense of taste depends to a great extent upon the sense of smell. This fact is established by the well known fact that if the nose is held, there are many materials which the sense of taste cannot distinguish." It is not necessary, however, to decide whether the sense of smell is sufficient to determine the character of liquors. In addition to such evidence, the jury had the right to consider the defendant's actions with relation to the warning given him, including his pale face and his act of flushing out the sink. The sheriff also testified that he observed the color of the liquor. All of this evidence, considered together, was sufficient to justify the verdict. The question for the jury to determine was one of fact upon which their verdict is conclusive on appeal. [7] While no case has been discovered which holds that the smell of a liquor is or is not sufficient evidence of its character to justify a conviction, it has been held that a witness may testify as to the character of a liquor from its color, taste, or smell. (*United States* v. *Borkowski*, 268 Fed. 408; *Finch* v. *State*, 120 Ga. 174 [47 S. E. 504]; *Rush* v. *State*, 20 Ky. Law Rep. 673 [47 S. W. 585]; *Nixon* v. *State*, 92 Neb. 115 [138 N. W. 136]; *Munn* v. *State*, 5 Okl. Cr. 245 [114 Pac. 272]; *Whitten* v. *State*, 95 Tex. Cr. 42 [252 S. W. 526]; *Berry* v. *State*, 83 Tex. Cr. 210 [203 S. W. 901]; *Glasscock* v. *State* [Tex. Cr. App.], 43 S. W. 989.)

The judgment is reversed, with direction to the trial court to permit the defendant to answer whether or not he suffered the alleged previous conviction.

Hart, J., and Plummer, J., concurred.