[Crim. No. 1403.   Third Appellate District.—December 5, 1934.]

THE PEOPLE, Respondent, v. SISTO SIEGEL, Appellant.

J. C. Hurley for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant and one Clifford Anderson were indicted by the grand jury of the county of Mendocino and charged with the crime set forth and specified in section 286 of the Penal Code.

The record shows that Clifford Anderson was the actor at the invitation of the defendant Siegel and Siegel was the one acted upon by the defendant Anderson. The record does not show that Anderson has ever been brought to trial. The defendant, upon trial, was found guilty of the crime charged in the indictment and from the judgment pronounced upon the verdict of the jury this appeal is prosecuted. Two propositions are presented for consideration: 1. That the verdict is contrary to the evidence; 2. That the court erred during the trial in the admission of evidence.

The testimony is of such a character and the facts detailed by the testimony are so repulsive that we refrain from quoting the testimony in this opinion, but will state that we have carefully read the same and that it shows the following circumstances:

That the two defendants were discovered by the witnesses Harry Newberg and D. R. Henderson in the act of committing the very crime made punishable by section 286 of the Penal Code; that the testimony of Newberg sets forth facts from which the jury could not reasonably avoid the conclusion that the act of penetration was complete. The testimony of the witness Newberg is more direct and specific than that of the witness Henderson, but is corroborated by the witness Henderson in all of its general circumstances. Some attempt was made to show that the witness Henderson was somewhat under the influence of intoxicating liquor. So far as we have been able to discover no attempt was made to likewise impeach the testimony of the witness Newberg.

The acts constituting the offense were committed a short distance from the place where a dance was being held during the evening.

It is contended on the part of the appellant that he was so intoxicated as to be unable to give consent. In this particular, the court instructed the jury that if they believed the defendant was so under the influence of intoxicating liquor as not to be able to give his consent to the act in question, then the jury should return a verdict of not guilty.

Section 22 of the Penal Code specifies that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition, yet whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act. The instructions of the court specifically covered the question of intoxication and directed the jury if they found such a degree of intoxication that defendant was unable to give his consent, then and in that case, a verdict of not guilty should be returned. This, of course, covers the question of motive and intent as clearly as though the section had been read to the jury.

The jury having found the defendant guilty, we are bound thereby to hold that the defendant, as a matter of fact, was not so intoxicated as to have been unable to give consent.

The errors of law complained of relate to the admission of testimony upon being discovered in the act referred to herein. The witness Newberg demanded of the defendants as to what they were doing. The defendant Clifford Anderson replied that Siegel had requested him to perform the particular act and that he did so. This language is ours. The reply of the participant Anderson is so vile that we exclude it from this opinion.

The admission in testimony of the reply of Anderson to the question propounded by Newberg was assigned as prejudicial error. Our examination of the record, however, shows that no objection was interposed at the time the question was propounded, and after it had been answered, no motion

was made to strike out the answer. It is too late to raise such a question for the first time on appeal.

█ It is also objected that the court erred in admitting the record of appellant's former conviction of a felony. Section 2051 of the Code of Civil Procedure sets forth that a witness may be impeached by asking him if he has been formerly convicted of a felony or by introducing the record of such a conviction. In the case at bar, the appellant, while on the witness stand, was asked if he had been convicted of a former felony and replied that he had. Following this, the record of his conviction was offered in evidence by the prosecution and admitted. Appellant, having admitted his conviction of a former felony, we do not perceive how he was prejudiced by the admission of the record. The appellant's own testimony on cross-examination shows that he was convicted of a sexual offense in connection with a young girl, and the record thereof could not add anything to the nature and character of the offense.

Instructions given by the court were exceedingly fair and covered all the issues involved in the case. █ A reading of the testimony shows that the jury were amply justified in concluding that the offense with which the defendant was charged was established beyond all reasonable doubt. We may add, any other conclusion would have been a miscarriage of justice.

Finding no merit in the appeal, the judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.