[Crim. No. 3048.   Second Appellate District, Division One.—March 28, 1938.]

THE PEOPLE, Respondent, v. EDWARD JONES et al., Defendants; FRED CABANEY, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

YORK, P. J.—The defendant and appellant was convicted of one count of attempted extortion (violation of section 524 of the Pen. Code). He was tried by the court without a jury, and he appeals from the judgment, and attempts to appeal from the sentence. ■■ As there is no appeal from the sentence, that portion of the appeal is dismissed.

The appellant and one Edward Jones were accused by information filed in the superior court with attempted extortion, in that it is alleged that they attempted to extort the sum of $250 from one William J. Hayman on or about July 30, 1937. The original information was amended at the

close of the people's case by adding the words, "and would then and there and thereafter do an unlawful injury to the person of said William J. Hayman by arresting and causing the arrest of said William J. Hayman upon a charge of felony''. This is alleged by appellant to have been an amendment made at the close of the trial. This statement is made by reason of the fact that the appellant offered no evidence; and although the amendment was made immediately upon the close of the people's case, the appellant did not ask for any continuance, and does not show any prejudice or surprise by reason of the amendment being made at the time it was made. Such amendment was made to conform to the proof that had been theretofore introduced.

One principal objection of appellant, urged particularly in his closing brief, is that the court erred in permitting the introduction of evidence of all the surrounding circumstances leading up to and preceding the act committed by the appellant. The record discloses that the appellant was acting with several other persons, as the result of a transaction which was started by others, but into which transaction and conspiracy the appellant later entered. The case was tried upon the theory of a conspiracy, the establishment of which was amply supported by the testimony of complainant and the admissions of the appellant in a conversation recorded by dictaphone. The transcript discloses that on several occasions when appellant and his codefendant Jones were in the presence of the alleged victim, Hayman, appellant showed a badge, declared he was a detective, exhibited and presented to the complainant a fictitious warrant of arrest in which the latter was charged with the offense of sodomy, in connection with which bail was fixed in the sum of $2,500. The record also discloses that there was presented to the jury testimony that appellant said to complainant Hayman at the time the former produced what appeared to the latter to be a warrant or summons, "You are under arrest". The transcript also discloses the fact that appellant, in the presence of his codefendant Jones, told the complainant that the latter would have to raise $2,500 to effect his release. The foregoing, together with other testimony in the record, overwhelmingly establishes the fact that this appellant joined a conspiracy prior to its frustration and with full knowledge of its purposes and objectives, and per-

formed several overt acts in an effort to accomplish the purposes of the unlawful combine. Therefore, having joined the conspiracy after it was formed, and having actively participated in it, appellant thereby adopted the previous acts and declarations of his fellow conspirators, and evidence of such acts and declarations was admissible against him even though there was no direct evidence that he had any knowledge thereof. (*People* v. *Fitzgerald,* 14 Cal. App. (2d) 180 [58 Pac. (2d) 718] ; *People* v. *Schmidt,* 33 Cal. App. 426, 443 [165 Pac. 555].) Although the appellant himself did not make any actual request for money, the reason for his so showing or handing the alleged court process to the complainant was shown by what was said at the time and place of such exhibition of the so-called court process. It was stipulated that there was no valid warrant or court process in existence at the time that the appellant took part in this attempted extortion. There was a request made in his presence for a bond of $3,000. Although the appellant's brief contains the statement that the money was to be put up in court, and the complainant did not understand that he was to give the appellant anything and at no time did the appellant receive any money, yet all the facts and circumstances surrounding the transaction complained of showed that the alleged court process or warrant was exhibited with the purpose of obtaining money from the complainant under threat that if he did not pay money then and there that he would be taken into custody for an alleged attempted act of sodomy. Money had theretofore been received by the codefendant of appellant, which codefendant has heretofore pleaded guilty, but this was a separate and different attempt to secure other and different moneys under a sham statement that it was to be put up in court as a cash bond by the complainant, and was to be delivered by either the appellant or his codefendant Jones.

There is no evidence before this court from which the court can draw the conclusion that all the things testified to which are denominated by the appellant as acts of coconspirators prior to but interrelated to the offense charged, were not fully known to the appellant; in fact there is evidence that he was aware of the only portion thereof that could in any way prejudice him with the trial judge. A slightly different and more technical ruling might be possibly

laid down in the case of a trial with a jury. As a matter of fact, there was evidence in the record that showed that the evidence complained of was disclosed to the appellant and was the reason why the appellant undertook the commission of the crime charged herein.

■ The objection made by appellant that the amendment allowed by the court hereinbefore referred to "was in violation of article I, section 13, of the Constitution of the State of California, and the fourteenth amendment to the Constitution of the United States, in its due process clause, requiring notice and an opportunity to be heard as the essential elements of due process of law", is evidently based upon the objection urged that the "pleading was amended at the close of the trial". Section 1008 of the Penal Code permits amendments of indictments or informations, with permission of the court, at any stage of the proceedings "unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable continuance, not longer than the ends of justice require, may be granted". As we have heretofore pointed out, this amendment was allowed at the close of the people's case. No motion was made for a continuance, and nothing was called to the court's attention at that time to show that by the making of such an amendment the substantial rights, or any rights, of the appellant were prejudiced. The appellant's failure to introduce any evidence is probably the only excuse that he is now able to make for his statement that the amendment was made after the close of the trial, but at the time the amendment was ordered the defendant had not rested his case and neither the presentation of the evidence nor the trial was ended. We can see no violation of any of the substantial or constitutional rights of the appellant by the allowance of this amendment. No attempt is made by appellant's briefs to show in what way any of his substantial rights were even affected by the allowance of the amendment at the time it was made.

■ The argument that there was no verbal threat made by appellant to accuse the complainant of a felony or a verbal threat to cause unlawful injury to his person, is not material here, as there was a complete and positive threat expressed by the actions and conduct of the appellant and by his exhibition of the fictitious warrant, taken together with

the conversation between complainant and the other defendant in this matter, who has heretofore pleaded guilty, which conversation took place in the presence and in the hearing of all three of them. The actions of appellant were interrelated to and constituted an adoption of the verbal threats made by the codefendant of appellant at the time the fictitious warrant was exhibited. It was an adoption by appellant of whatever threats he heard the other make in reference to the service of this warrant and the taking of complainant into custody if the latter did not put up the cash requested.

The judgment is affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1938.