[Crim. No. 8308. Second Dist., Div. Two. Dec. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ERVIN LEON BALL, Defendant and Appellant.

Ervin Leon Ball, in pro. per., and William G. Emslie, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant, Ervin Leon Ball, was convicted after jury trial of four charges of forgery committed on September 2, 12, 16 and October 3, 1961, respectively. He denied four prior felony convictions—charges of said convictions being erroneously worded, "Ervin Leon Ball, under the name of Cyril Hugh Pipkin, Jr." The sentences on the four counts were ordered to run concurrently. Defendant was found not guilty as to the one count of burglary. Defendant appeals from the judgment.

Two claims of error are advanced but are not supported by the record, namely, (1) denial of a fair and impartial trial, and (2) insufficiency of the evidence.

Defendant's first allegation of error is predicated on the fact that three allegations of prior convictions (there were four originally alleged but the third was stricken at the beginning of trial) charged that "Ervin Leon Ball, under the name of Cyril Hugh Pipkin, Jr.," was convicted of a certain felony. The only part of these three charges of prior conviction that was untrue was the phrase "under the name of Cyril Hugh Pipkin, Jr." Defendant had in fact been convicted of the crimes charged on the dates and by the counts specified; this, defendant admitted on cross-examination. Defendant denied the prior convictions because of the error of the name in the charge. The charges of the prior convictions were read to the

jury in compliance with section 1025 of the Penal Code. At a later stage in the trial, just before final arguments, the Deputy District Attorney moved to amend the first and third prior conviction charges by striking the words, ''under the name of Cyril Hugh Pipkin, Jr.'' The defense attorney did not object and the motion was granted.

Defendant now argues that he was prejudiced by the above action and relies upon the case of *People* v. *Colombo,* 70 Cal. App. 489 [233 P. 413]. In that case the defendant had denied the prior and had objected to the introduction of the record of the prior conviction into evidence on the ground that it showed a conviction of a different offense than that charged in the information. On motion of the district attorney, and *over defendant's objection,* the court then ordered the information amended by striking out the words thereof which did not comply with the record of the offense charged. The record of the prior conviction was then admitted in evidence *over defendant's objection,* the court then ordered the information amended by striking out the words thereof which did not comply with the record of the offense charged. The record of the prior conviction was then admitted in evidence *over defendant's objection.* The opinion says in part: ''Section 1008 of the Penal Code provides: 'An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant.' It is clear that the amendment here allowed prejudiced the substantial rights of the defendant. He had properly denied the prior conviction alleged in the information, because the allegation thereof in the original information was not true. When a defendant is arraigned on a charge containing an allegation of a prior conviction he certainly is not called upon to state that he has suffered a prior conviction of an offense other than the one charged. At the beginning of the trial, the information was read to the jury, including the part relating to the prior conviction. . . . It must be presumed that the defendant would have admitted the prior conviction at his arraignment if it had been correctly charged. Section 1025 of the Penal Code provides that when a prior conviction is charged, 'in case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.' . . . In *People*

v. *Thomas,* 110 Cal. 41, 44 [42 P.456], it is said that the violation of the provisions of the foregoing sections of the Penal Code 'was not only erroneous, but highly prejudicial to the defendant.' '' (Pp. 492-493.)

There the prior conviction charged in the information was different from the record of conviction. In the case at bar the only deviation between the prior offense charged and the record of conviction was the inclusion in the record of the clause, ''under the name of Cyril Hugh Pipkin, Jr.'' This would hardly be enough of a variance in the charge to prevent defendant from knowing to which prior conviction the information was referring. In *People* v. *Colombo, supra,* at page 493 the court said: ''Had the amendment been made before trial, with the opportunity for defendant to admit the previous conviction, his rights would not have been prejudiced thereby, and it will be sufficient to give him such opportunity before the retrial of the case. ▇▇▇ While the charge of the prior conviction is not well expressed, as the information now reads, there is no doubt as to what is intended. 'It is not necessary to allege previous convictions with the same particularity as if the party was charged originally with the commission of such offense.' ''

▇▇▇ The defendant knew that he had been convicted of the crimes which were charged as prior convictions. The only error was the name under which he was convicted and this should not be held to constitute an allegation of conviction that was not true in light of the above quoted paragraph of *Colombo.*

▇▇▇ But even if it were to be held that the erroneous material would constitute an allegation of conviction that was not true, defendant here could not bring himself within the ruling of the *Colombo* case, *supra,* because the defendant made no timely objection to the striking out of the erroneous words in the information, nor did he object to the introduction of the records of conviction. ''Alluding to such conviction may be reversible error, but failure to object is a waiver of the error. (*People* v. *Porter,* 123 Cal. App. 618 [11 P.2d 894].) '' (*People* v. *Chapman,* 81 Cal.App.2d 857, 862 [185 P.2d 424].) ''Appellant, having admitted his conviction of a former felony [on cross-examination] we do not perceive how he was prejudiced by the admission of the record [of the former conviction].'' (*People* v. *Siegel,* 2 Cal.App.2d 620, 623 [38 P.2d 450].)

▇▇▇ A more compelling reason for disregarding defendant's claim of prejudicial error on this point is the fact that

by taking the stand himself and admitting the prior convictions under cross-examination defendant waived all objections to disclosure of his prior convictions. (*People* v. *Raquel*, 125 Cal.App.2d 384 [270 P.2d 528] ; *People* v. *Beal*, 108 Cal.App. 2d 200 [239 P.2d 84], cert. den. 343 U.S. 980 [72 S.Ct. 1080, 96 L.Ed. 1371] ; *People* v. *Cordero*, 92 Cal.App.2d 196 [206 P.2d 665] ; *People* v. *Brain*, 17 Cal.App.2d 141 [61 P.2d 806].)

The court in *People* v. *Chapman, supra*, aptly stated the rule on page 863: ''On cross-examination the defendant as impeaching evidence admitted the priors. It has been held that such admission cures any error that may have occurred in referring to a prior conviction in the presence of a jury previous to the reception of the impeaching testimony. At least, it has been held such reference is not prejudicial. (*People* v. *Booth*, 72 Cal.App. 160 [236 P. 987] ; *People* v. *Jeffries*, 47 Cal.App.2d 801 [119 P.2d 190] ; *People* v. *Jones*, 78 Cal.App. 554 [248 P. 964] ; *People* v. *Dutton*, 41 Cal.App. 2d 866 [107 P.2d 937].) ''

▆ Defendant also argues in connection with this point of alleged error, that he was not allowed to plead to the information as amended until just before the jury returned with the verdict. In the case of *People* v. *Walker*, 170 Cal.App.2d 159 [338 P.2d 536], the defendant was not arraigned on the amended information and did not plead thereto. It was said therein at page 164: ''It is well settled that where an amended pleading is filed by the district attorney in open court pursuant to statute, and the accused being present offers no objection, makes no motion for continuance, and nothing is called to the trial court's attention to show that by making such amendment the substantial rights or any rights of the defendant are prejudiced, he may not for the first time raise the point on appeal. (*People* v. *Jones*, 25 Cal.App.2d 517 [77 P.2d 897] ; *People* v. *Beck*, 71 Cal.App.2d 637 [163 P.2d 41] ; *People* v. *Severino*, 122 Cal.App.2d 172 [264 P.2d 656]).'' It is noted that defendant made no objection to the motion to amend when it was made nor did he give any indication that he wanted to make a new plea; in fact when he did make a plea to the information as amended, he entered the same plea of denial.

Defendant's claim that he was denied a fair and impartial trial is not well taken.

Defendant's second specification of error is not well taken. ▆ '' ' . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably

deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The substance of the charges against defendant is that he forged four credit card invoices for the purchase of petroleum products and automobile accessories and uttered the same, knowing that said invoice was false, with the intent to defraud Sav-On Furniture Co. (the credit card holder from whom the card was stolen), the service station owners, and Texaco, Inc. (the issuer of the credit card).

One witness testified that defendant was in his station and purchased gas on the day charged, and the witness' son testified that the man driving the car bearing California license plates FNL 853 signed the credit card, but that he could not identify the signer.

Another witness identified defendant as the person that purchased two tires and who used the stolen credit card to pay for them. He testified that defendant signed the credit invoice and that defendant was driving the 1951 Oldsmobile, FNL 853 in question and identified defendant's wife as being in the car with him.

A fourth witness identified defendant as the man to whom he sold gas and oil on the stolen credit card and testified that defendant signed the invoice.

A fifth witness testified that he could not identify defendant as the person to whom he sold gas on the day in question but that it was the custom of business to write down the license number of the vehicle on the credit invoice, which he did (FNL 853), and have the customer sign the invoice, which he also did.

A police officer who had 26 years of experience in identification of handwriting, qualified as an expert and testified that on comparison of defendant's handwriting and those on the credit invoices that were in evidence, he was of the opinion that they were all written by the same person, the defendant. (These credit invoices were all the invoices that had been issued on the stolen credit card after the date the card was stolen; plus one that was issued properly on the date the card was stolen and was signed by an employee of Sav-On Furni-

ture—thus the expert was in error as to at least one signature.)

When the defendant was arrested, his wife was with him and the police found the stolen credit card in her purse.

There is sufficient evidence in the above testimony to substantiate the jury's finding that defendant was guilty of the charges of forgery.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition far a hearing by the Supreme Court was denied February 20, 1963.