[Crim. No. 4602. Third Dist. Jan. 3, 1968.]

In re CLAUDE A. WILLIAMS on Habeas Corpus.

Donald G. Buchman, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Stephen Cooper and Edward A. Hinz, Jr., Deputy Attorneys General, for Respondent.

FRIEDMAN, J.—Petitioner is an inmate of Folsom State Prison. His last felony conviction took place in Los Angeles County in 1963. He was at that time adjudicated a habitual criminal with six prior felony convictions. His conviction and the habitual criminality adjudication were affirmed on appeal (*People* v. *Williams,* No. 9329, Dist. Court of Appeal, 2d Dist., Div. 1, unpublished opinion dated May 25, 1966). A year later petitioner made a vain attempt to reopen his case through a motion to vacate the judgment. He then filed a petition for habeas corpus with this court. Since it appeared to us that errors of pleading and proof had characterized the habitual criminal proceeding, we issued an order to show cause for the limited purpose of inquiring into petitioner's status under the recidivism statute, Penal Code, section 644.[1]

The amended information filed in the Los Angeles Superior Court charged defendant with the following prior convictions and with service of a prison term for each:

(1) Robbery in November 1934, El Paso County, Texas.

(2) Robbery on November 27, 1938, Dallas County, Texas.

(3) Robbery with felonious assault on November 27, 1938, Dallas County, Texas.

(4) Robbery with felonious assault on April 25, 1945, Dallas County, Texas.

(5) A narcotics violation in the federal District Court in Texas in January 1952.

(6) Robbery by assault conviction in June 1956, Bexar County, Texas.

---

[1]Penal Code section 644, subdivision (a), permits an adjudication of habitual criminality upon two prior convictions, subdivision (b) upon three prior convictions, of specified crimes. It applies to those convicted the requisite number of times "upon charges separately brought and tried, and who shall have served separate terms therefor in any . . . prison . . . either in this State or elsewhere . . . ." Both subdivision (a) and subdivision (b) provide for life imprisonment. Adjudication under subdivision (a) now permits parole after nine years, under subdivision (b) after twelve years. (Pen. Code, §§ 3047.5, 3048.5.)

In its opinion affirming petitioner's adjudication of habitual criminality, the District Court of Appeal enumerated these prior convictions, also describing those shown by certified prison records. The court did not inquire into the accuracy of the allegations or take note of inconsistencies discussed *infra*, but concluded only that petitioner had suffered at least three separate convictions of robbery for each of which he had served a separate term, thus that he qualified as a habitual criminal.

Petitioner now comes before this court demonstrating a number of variances in the pleading and proof of his prior convictions. Indeed, the amended information compresses a remarkable amount of carelessness into small compass. Its mistakes are repeated in the judgment. The second and third prior convictions listed in the information and judgment were for robbery and robbery with felonious assault, both alleged to have occurred in Dallas County, Texas, on November 27, 1938. The Texas prison records, however, demonstrate that petitioner was convicted of robbery in Dallas County on June 2, 1938, and of "Robbery with Firearms" in Ellis (not Dallas) County, Texas, on March 29, 1938. There is no record of any conviction whatever on November 27, 1938. The discrepancy between pleading and proof of the second prior was limited to its date. Proof of the third prior diverged from the pleading in three elements: Offense, county and date.

As the fourth prior, the information and judgment specify a conviction of robbery with felonious assault in Dallas County, Texas, on April 25, 1945, while the Texas records show a conviction of burglary, not robbery, in Dallas County, on April 24, 1945.

The federal narcotics offense designated and found true as the fifth prior conviction is not a crime enumerated in section 644, but seems to have been included in the information in deference to Penal Code, section 969, which declares that all known previous convictions must be charged. Nevertheless, the narcotics conviction was embraced within the trial judge's findings which formed the foundation for the habitual criminal adjudication. (Cf. *In re Tartar*, 52 Cal.2d 250, 254 [339 P.2d 553].)

In defendant's trial and appeal, none of these egregious mistakes were mentioned, discussed or considered. There were no claims of variance between allegation and proof. The silence of the record is especially notable in view of petitioner's representation by counsel both in the trial court and on appeal.

■ An adjudication of habitual criminality may be reviewed on habeas corpus for "mere error." (*In re McVickers,* 29 Cal.2d 264, 274 [176 P.2d 40].) ■ Although impelled by the hitherto unmentioned mistakes to inquire into petitioner's status, we are now in full agreement with the view taken on his appeal, that is, that he had at least three unassailable prior convictions within section 644. One is the 1934 conviction of robbery in El Paso County, Texas. The 1956 robbery conviction in Bexar County is another. Petitioner does not attack either of these prior convictions.

The third valid prior conviction (listed as the second prior in the judgment) is the robbery conviction in Dallas County on June 2, 1938. Although both the amended information and the judgment specify (as the second prior) a robbery conviction in Dallas County on November 27, 1938, while the proof showed a conviction on June 2, 1938, the variance in date is insubstantial. ■ In measuring the materiality of a variance between the accusatory pleading and proof, the basic concern is whether the defendant was misled in the preparation of his defense. (*People* v. *Galloway,* 233 Cal.App.2d 369, 371 [43 Cal.Rptr. 617].) In the allegation of prior convictions the need for particularity is somewhat diminished because the defendant himself has knowledge of his prior record. (*People* v. *Ball,* 211 Cal.App.2d 435, 438 [27 Cal.Rptr. 274]; *People* v. *Colombo,* 70 Cal.App. 489, 492 [233 P. 413]; see also *In re Hall,* 88 Cal.App. 212, 214 [263 P. 295]; Annot. 80 A.L.R.2d 1196.) ■ Although both the pleading and the judgment inaccurately refer to November 27, 1938, as the date of the robbery conviction in Dallas County, the inaccuracy was technical only. It did not prejudice defendant since he had in fact suffered such a conviction, although in June rather than November.

Petitioner served separate terms of imprisonment on the first, second and sixth prior convictions. On the first he served in Texas State Prison from 1934 to 1937, when he was released on parole. On the second, the record showed that he was received at the Texas prison in November 1938 "with begin [*sic*] date of sentence set for 6-4-1938" to serve for 15 years for the two 1938 robbery convictions. When in 1956 he was sentenced for robbery in Bexar County (the sixth prior conviction pleaded), he served a further term of imprisonment on that sentence alone.

The variances characterizing pleading and proof of the third and fourth priors enumerated in the pleading and judg-

ment are. .somewhat more serious. There is an unresolved problem as to whether the terms of imprisonment on the second and third priors were separate from each other, also whether the term on the fourth prior was separate from the term or terms on the second and third. (See *People* v. *Reed,* 249 Cal.App.2d 468, 471-473 [57 Cal.Rptr. 407].) Even though the third and fourth priors are set to one side and the fifth (the narcotics conviction) disregarded, petitioner still has three unimpeached prior convictions as the basis for his status as a habitual criminal under Penal Code, section 644, subdivision (b).

While prior convictions in excess of three do not affect a prisoner's term, they may adversely affect his eventual parole application. Petitioner's standing before the Adult Authority would not be improved if the third, fourth, and fifth prior convictions were excluded from the judgment. The Adult Authority will in any event have the records of his actual convictions in Texas as part of his personal history and will give them such consideration as it may deem appropriate. (See *In re Streeter,* 66 Cal.2d 47, 50-51 [56 Cal.Rptr. 824, 423 P.2d 976].)

The petition for habeas corpus is denied and the order to show cause discharged.

Pierce, P. J., and Regan, J., concurred.