[Crim. No. 929. Third Appellate District.—June 28, 1926.]

## THE PEOPLE, Respondent, v. ALONZO JONES, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—UNLAWFUL SALE—COMMON NUISANCE—EVIDENCE OF PRIOR SALE.—In a prosecution upon an information charging in one count an unlawful sale of intoxicating liquor on a specified date, and a previous conviction, on a stated earlier date, of an unlawful sale, and charging in another count the maintenance as a common nuisance of a place where intoxicating liquor was unlawfully kept and sold, the sale of the liquor upon which the prior conviction was had was properly admitted in evidence in support of the charge of maintaining a nuisance, which is a continuing offense.

[2] ID.—SECTION 1025, PENAL CODE—CONSTRUCTION OF.—It is the previous conviction, not the offense of which a defendant has been previously convicted, which section 1025 of the Penal Code provides must not be "alluded to on the trial," in case it is admitted by the defendant.

[3] ID.—PRIOR SALE—EVIDENCE—STATUTE OF LIMITATIONS.—While the defendant could not be convicted of making a sale or maintaining

a nuisance at a time more than one year prior to the filing of the information, evidence of such sale was admissible as a circumstance tending to prove that his possession of liquor at the time charged was for the purpose of unlawful sale; it is the prosecution of the crime of making such a sale that is barred in one year, not the proof of the sale as tending to establish another crime.

[4] ID.—PREVIOUS CONVICTION—INADVERTENT READING TO JURY—ABSENCE OF PREJUDICE.—In such prosecution, in view of all the facts and circumstances in the case, defendant's case was not prejudiced by the inadvertent reading by the clerk to the jury of the charge of a previous conviction.

[5] ID.—WITNESSES—IMPEACHMENT.—A witness may not be impeached "by evidence of particular wrongful acts."

[6] ID. — EMPLOYMENT OF DETECTIVES — COMPENSATION — EVIDENCE —CROSS-EXAMINATION—ABSENCE OF PREJUDICE.—In such prosecution, the rulings of the trial court in sustaining objections of the district attorney to questions asked on cross-examination of witnesses for the prosecution, who had testified that they were detectives employed by the district attorney and were paid for their services and expected to be paid for their attendance at the trial, which questions asked how much they expected to be paid, how much had been paid them in other cases, and the total amount they had been paid, were not prejudicially erroneous.

[7] ID. — THREAT AGAINST DEFENDANT'S COUNSEL — EXAMINATION OF WITNESS—RECORD.—In such prosecution, defendant's contention that he was not permitted to examine a witness for the prosecution in relation to a threat made against defendant's counsel does not appear to be supported by the record.

[8] ID.—WITNESS' TRANSACTIONS WITH OTHERS—EXCLUSION OF EVIDENCE.—In such prosecution, the trial court properly excluded testimony of a witness for the prosecution on recross-examination relative to such witness' transactions with other persons who were alleged to be bootleggers.

[9] ID.—POSSESSION OF INTOXICATING LIQUOR—RIGHT TO—INSTRUCTION. The only instance in which the possession of intoxicating liquor for beverage purposes is recognized as lawful is where the liquor was obtained before the act went into effect and is kept in the owner's dwelling for use by him, his family, and his *bona fide* guests; and in such prosecution, defendant's requested instruction, which the trial court refused, that "In connection with the second count in the information, I charge you that the defendant under the law, had a right to possess liquor in his private dwelling

---

5. See 27 Cal. Jur. 132; 28 R. C. L. 623.

6. See 27 Cal. Jur. 131.

house for the personal consumption of himself and' family, and of any *bona fide* guest he might entertain therein," was too broad and comprehensive.

[10] Id.—Instruction—Meaning of—Presumptions.—In such prosecution, it must be presumed that the trial judge so read an instruction, to the effect that "Under the said information you may find the defendant guilty of either, both, or neither of the charges set forth in said information accordingly as you are convinced as to the truth of said charges," as to convey to the minds of the jurors the correct meaning thereof as indicated by the punctuation.

[11] Id.—Argument—Absence of Objection—Appeal.—In such prosecution, certain statements made by the district attorney in his argument to the jury were not of such character as to merit discussion thereof in the absence of any objection thereto at the trial.

---

(1) 33 C. J., p. 617, n. 75, p. 770, n. 30.    (2) 16 C. J., p. 882, n. 9. (3) 16 C. J., p. 607, n. 53.    (4) 17 C. J., p. 317, n. 10.    (5) 40 Cyc., p. 2601, n. 37.    (6) 17 C. J., p. 313, n. 46.    (7) 17 C. J., p. 73, n. 80. (8) 40 Cyc., p. 2531, n. 58.    (9) 33 C. J., p. 586, n. 11.    (10) 16 C. J., p. 1036, n. 65; 17 C. J., p. 225, n. 67.    (11) 17 C. J., p. 62, n. 94.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Dowd & Reagh for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein charges two offenses. The first count charges an unlawful sale of intoxicating liquor on the twenty-first day of September, 1925, and a previous conviction, on the eighth day of May, 1924, of an unlawful sale. The second count charges that the defendant, on or about the seventeenth day of October, 1925, maintained as a common nuisance a place where intoxicating liquor was unlawfully kept and sold. He admitted the prior conviction, but pleaded not guilty to the charges of unlawful

---

10. See 8 Cal. Jur. 258; 2 R. C. L. 440.

sale and maintenance of a, nuisance. He was convicted of both offenses and prosecutes this appeal from the judgment and the order denying a new trial.

The evidence against defendant is strong and convincing. Three witnesses, one a township constable, testified that they went together to defendant's home on the twenty-first day of September, 1925, and that he there furnished them intoxicating liquor, which they drank on the premises, and also sold them three bottles of liquor. Three other constables testified that they searched the defendant's premises on the seventeenth day of October, 1925; that they "heard a racket in the house" as they entered the gate; that in the house they "could smell liquor there strong"; that they found where liquor had been recently poured out in the back yard on some papers and leaves and secured a small quantity of the liquor from papers which were "cupped" and by squeezing it out of the papers. This small quantity of liquor was produced at the trial. Several other witnesses, testified that they had purchased liquor from defendant at his home at different times. While the liquor furnished by the defendant on the twenty-first day of September was all sold and delivered at the same time, the transaction constituted separate sales to the three witnesses mentioned in connection therewith. At the defendant's request the court required the district attorney to elect the sale upon which he would rely for a conviction and he selected that made to the constable.

In reading the information to the jury the clerk, doubtless through inadvertence, read that part thereof which charges a previous conviction, contrary to the express provisions of sections 1025 and 1093 of the Penal Code. Appellant contends that this constitutes prejudicial error. It is probable that the clerk's error escaped the attention of the court and the attorneys for both parties, because no reference thereto appears in the record. [1] The sale of the liquor upon which the prior conviction was had was properly admitted in evidence in support of the charge of maintaining a nuisance, which is a continuing offense. (*People* v. *Frankovich*, 64 Cal. App. 184, 190 [221 Pac. 671]; *McDonough* v. *United States*, 299 Fed. 30.) [2] It is the previous conviction, not the offense of which a defendant has been previously convicted, which section 1025 pro-

vides must not be "alluded to on the trial," in case it is admitted by the defendant. With such proof properly in evidence the additional fact that he had been convicted of that offense would have little weight with the jury. Relative to such prior sale, a witness for the prosecution, who had testified that he had purchased liquor from defendant prior to September, 1925, was examined as follows: "Q. When was it and how much did you buy? A. I can't recollect the date, about two years ago. That case was disposed of and Mr. Jones was fined at that time. Mr. Reagh: We will move to strike out the answer on the ground that this is outside of the statutes of limitations and it is prior to the time of the plea alleged in the information. The Court: The motion is denied." The ruling was correct, because directed to the whole of the answer, and the first part thereof was properly admitted as bearing upon the charge of maintaining a nuisance. **[3]** While the defendant could not be convicted of making a sale or maintaining a nuisance at a time more than one year prior to the filing of the information, evidence thereof was admissible as a circumstance tending to prove that his possession of liquor at the time charged was for the purpose of unlawful sale. The information herein was filed November 3, 1925. If it had charged that defendant maintained a nuisance on the fifth of November, 1924, it would hardly be contended that a sale made by him a few days prior to November 3, 1924, could not be shown for the mere reason that the prosecution of defendant for making such sale was barred by the statute of limitations. It is the prosecution of the crime of making such a sale that is barred in one year, not the proof of the sale as tending to establish another crime. The real question is whether the sale given in evidence was so disconnected or remote as to have no logical tendency to prove the crime charged, but the objection did not raise that question. In answer to a question by his own counsel, the defendant stated that "one time I was selling it there." **[4]** In view of all the foregoing facts and circumstances, it does not appear that the defendant's case was prejudiced by the inadvertent reading of the charge of a previous conviction.

One of the witnesses for the prosecution is an Indian. Counsel for appellant say: "On cross-examination the de-

fendant essayed to show that the witness, admittedly an Indian, was a ward of the government. The defendant's avowed purpose was to show discreditable conduct on the part of the officers in wilfully and unnecessarily violating the federal statutes governing the giving liquor to Indians who are wards of the government." **[5]** It is sufficient to say that a witness may not be impeached "by evidence of particular wrongful acts." (Code Civ. Proc., sec. 2051.)

**[6]** Two witnesses for the prosecution testified that they were detectives employed by the district attorney and were paid for their services and expected to be paid for their attendance at the trial. They were asked on cross-examination how much they expected to be paid, how much had been paid them in other cases, the total amount they had been paid, and other similar questions, to all of which the court sustained objections made by the district attorney. The rulings were not prejudicially erroneous. (*People* v. *Breen,* 130 Cal. 72 [62 Pac. 408]; *People* v. *Tomalty,* 14 Cal. App. 224, 235 [111 Pac. 513].)

**[7]** After one of the detectives had left the witness-stand he was immediately recalled by counsel for defendant and asked: "What was the threat you made against me when you passed me going outside of the courtroom?" The witness answered: "You called me a stool-pigeon." The district attorney objected to the question and there followed a colloquy between the court and respective counsel, but no ruling upon the objection appears to have been made. Counsel for defendant stated that he desired to make an offer of proof relating to the alleged threat and was willing to make it outside of the hearing of the jury. The court replied that the matter would be taken up later and directed the witness to remain within call. Nothing further was done in the matter. Appellant's contention that he was not permitted to examine the witness in relation to such threats does not appear to be supported by the record.

**[8]** One of the detectives testified on cross-examination that he was enabled to secure liquor from defendant by giving him the names of bootleggers in Oroville. On re-direct examination the witness, without objection by defendant, gave the names of several persons who, he said, were bootleggers. On recross-examination counsel for defendant

examined the witness at some length relative to his transactions with such bootleggers and finally the district attorney objected to any further examination along that line. The objection was properly sustained as the whole matter was immaterial. Appellant says that it was "competent for Jones to show that the men named were not bootleggers." The statement contains a sufficient reason for sustaining the objection. It would have been highly improper in the middle of defendant's trial to have tried the question of whether several other persons were guilty of similar offenses.

[9] The court refused to give the following instruction requested by defendant: "In connection with the second count in the information, I charge you that the defendant under the law, had a right to possess liquor in his private dwelling-house for the personal consumption of himself and family, and of any *bona fide* guest he might entertain therein." The instruction is too broad and comprehensive. "The only instance in which the possession of intoxicating liquor for beverage purposes is recognized as lawful is where the liquor was obtained before the act went into effect, and is kept in the owner's dwelling for use therein by him, his family, and his *bona fide* guests." (*Cunard Steamship Co.* v. *Mellon,* 262 U. S. 100 [27 A. L. R. 1306, 67 L. Ed. 894, 43 Sup. Ct. Rep. 504].)

[10] The court instructed the jury as follows: "Under the said information you may find the defendant guilty of either, both, or neither of the charges set forth in said information accordingly as you are convinced as to the truth of said charges." Appellant contends that the jury probably understood from this instruction "that they must either acquit of both charges or convict of both charges." There is no merit in the contention. It must be presumed that the trial judge so read the instruction as to convey to the minds of the jurors the correct meaning thereof as indicated by the punctuation.

[11] Appellant complains of statements made by the district attorney in his argument to the jury. No complaint or objections were made at the time and the defendant did not assign such statements as misconduct or ask the court to instruct the jury to disregard them. The statements

were not of such character as to merit discussion thereof in the absence of any objection thereto at the trial.

The remaining contentions of the appellant are unimportant and wholly without merit.

The judgment and the order are affirmed.

Needham, J., *pro tem.*, and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 26, 1926.