[Crim. No. 1194. Third Appellate District.—May 21, 1932.]

THE PEOPLE, Respondent, v. CHARLES B. PORTER, Appellant.

Nathan F. Coombs for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of grand and petit theft on three counts of an indictment which was returned against him by the grand jury in Napa County. The indictment charged him with ten separate offenses which were set out in as many different counts. The first count charged him with arson. The remaining counts charged him with grand theft of farm produce and materials. He was convicted on the third, fourth and sixth counts, and acquitted on the remaining charges. This appeal is taken from the judgment which was entered against the defendant on his conviction of the charges contained in the third, fourth and sixth counts of the indictment, and from the order overruling a motion for new trial.

The defendant was employed from November, 1929, for the period of about a year and a half, as superintendent of a 600-acre farm in Napa County, owned by the Spreckels family and operated in the name of the Monarch Investment Company. During that period of time the ranch produced a considerable quantity of grain, hay and fruit. From time to time, much hay and straw were stored in a large barn which was situated on the premises. The defendant purchased the seed grain, materials and provisions which were used on the premises. He employed and maintained the help with which the farm was operated. He was authorized to, and sold much of the produce from the farm in behalf of the company. He kept an account of the money belonging to the Monarch Investment Company in the Bank of America at Napa. He also maintained separate accounts in the First National Bank of Napa in the names of himself and his wife Clara. He paid the farm obligations, such as the wages of employees, provisions and materials which were used on the premises, by means of checks which he drew against the farm account. The prosecution claimed that from time to time the defendant appropriated large quantities of wheat, hay, straw and fruit belonging to the company, which he sold, and deposited the proceeds thereof in his own account, converting it to his own use; that he also appropriated to his own use a quantity of iron pipe belonging to his employer; that he drew forged checks in the names of fictitious persons, to account for the absence of proceeds from the sales of produce which was missing from the farm; that

the total value of products which the defendant failed to account for exceeds the sum of $3,700. In May, 1931, the defendant furnished the company with an inventory of property which was presumed to be in his possession. June 24th of that same year, the barn was destroyed by fire. The defendant claimed large quantities of hay and grain belonging to the Monarch Investment Company were burned in this fire. An auditor was then procured and sent to the farm to obtain an accounting. It was discovered that much of the produce belonging to the company was missing. The defendant was indicted for the burning of the barn and the theft of hay, grain, fruit and iron pipe, as above related. At the trial, he was convicted on three counts and acquitted of the remaining charges. From the judgment of conviction this appeal was perfected.

It is not contended the evidence is insufficient to support the verdict of guilty of the three counts of the indictment of which the defendant was convicted. The appellant claims, however, that he was compelled to become a witness against himself, contrary to the provisions of section 1323 of the Penal Code and article I, section 13, of the Constitution of California, by being cross-examined, over objection, far beyond the scope of the examination in chief, which resulted in prejudice to him and a miscarriage of justice. The appellant also claims the district attorney was guilty of prejudicial misconduct, and that the court erred in admitting evidence of defendant's guilt of the crime of forgery which charge was contained in none of the counts of the indictment.

The cross-examination was not extended beyond legal bounds. Proof of the several counts of grand theft with which the defendant was charged, necessarily involved an accounting of the receipts and disbursements incident to the operation of the farm while he was acting as superintendent thereof. Besides the charge of arson, the defendant was accused in the other nine counts of the indictment of appropriating large quantities of wheat, hay, straw and fruit. The defendant took the witness-stand in his own behalf. It is true that the only evidence which he gave on direct examination regarding the grand theft charges is the following: "Q. In connection with the hay, grain, straw *and other produce* that was either on the ranch, when you took charge, or was raised, while you were there, was there any money

received by you from the sale of hay, grain, straw or produce for which you did not account to either Mr. Armstrong or to the Monarch Investment Company? A. There was not.'' This question and general answer to the effect that he had accounted for all the produce of the ranch and the proceeds of the sales thereof while he had charge of the farm, opens the doors for a complete investigation on cross-examination to ascertain whether he did not appropriate products of the farm to his own use by selling some of them and pocketing the proceeds thereof. Section 1323 of the Penal Code provides that:

. ''A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offers himself as a witness, he may be cross-examined by the counsel for the people *as to all matters about which he was examined in chief.*''

■ The well-established rule with respect to the latitude which may be permitted in the cross-examination of a defendant when he has taken the witness-stand in his own behalf is that there is no power in the law to compel the defendant to take the witness-stand in his own behalf, but when he does it he may be asked any question which will show his past conduct to be inconsistent with his present testimony. (*People* v. *Gallagher,* 100 Cal. 466, 475 [35 Pac. 80].)

For the purpose of determining whether the defendant had accounted for all of the produce from the farm which he had sold, it was competent to show what his normal and legitimate income would be, whether there were contributions to his personal bank account from sources other than his salary and legitimate income which might reasonably indicate the appropriation of proceeds from illegal sales of farm produce, and the sources from which these excess sums were derived. There appears to have been no abuse of discretion in permitting an extensive and detailed cross-examination of the defendant under the circumstances of this case.

■ The appellant contends that the court erred in permitting the prosecution to adduce evidence to prove that the defendant was guilty of ''separate and distinct offenses . . . not embraced within the indictment''. The appellant also complains of the admission of evidence by an expert witness

on handwriting regarding the genuineness of the signature of the defendant on certain bank checks by means of which he appropriated funds belonging to the Monarch Investment Company. The record contains evidence indicating that the defendant issued several fictitious bank checks upon the funds of the company in payment of pretended services of farm-hands, indorsing the names of the payees of these checks and appropriating the money. Some of these transactions amounted to forgery. This evidence indicates a general course of flagrant moral turpitude on the part of the defendant in the handling of the affairs of the farm enterprise. We have no doubt this evidence was prejudicial to the defendant. Much of this testimony was incompetent. It shows a general course of moral turpitude in the conduct of his employment, but it throws no light upon the defendant's guilt of the charges of arson and grand theft of farm produce with which he was charged in the indictment. This evidence, however, does not constitute reversible error for the reason that it was adduced without objection. A defendant may not complain of proof of an offense distinct from the crime with which he is charged, for the first time, on appeal. In the appellant's brief we are directed to no citation in the record indicating that the defendant objected to the introduction of any of this testimony. The appellant's assignments of error with respect to the challenged evidence regarding other offenses merely assert that the court erred in admitting evidence of the defendant's indorsement on certain bank checks which were identified by numbers, and that the court erred in admitting the testimony of certain witnesses, naming them, and referring to the volume and page of the transcript where such evidence appears. We have examined each reference to the transcript, and have made an independent search of the record in vain for any objection to this evidence on the part of the defendant. The record contains over 1900 pages. This evidence appears to have been admitted without objection. An appellate court may not be expected to search through 1900 pages of transcript to discover evidence in support of a general assertion of error alleged to be therein contained. From a somewhat careful investigation of the record, it does appear that evidence of other offenses committed by the defendant was adduced without objection. These offenses consist of em-

bezzlement of funds by means of forged and fictitious checks. In the absence of an objection to this testimony there was no error in permitting its introduction.

■ With respect to the evidence of the handwriting expert, it appears the defendant furnished the company with numerous inventories and statements of property belonging to his employer. These documents contained the handwriting of some individual. On cross-examination the defendant denied that these instruments were in his handwriting. It became material to prove his handwriting in these inventories, because they contained admissions on his part that he had been possessed of farm products and money therein listed which he had failed to account for. It was therefore competent to call an expert witness to identify the handwriting as that of the defendant. It was also competent to prove by an expert witness the genuineness of the defendant's indorsement of these fictitious checks, or upon any other instrument containing his genuine signature, for the purpose of comparison so as to charge him with the produce and money acknowledged by these inventories to have been in his possession.

■ It is true that evidence of the commission of a crime by the accused introduced over his objection, which is neither directly nor indirectly connected with the offense with which he is charged, may constitute reversible error. The rule is aptly stated in 16 C. J. 586, section 1132, as follows:

"The general rule is that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that accused has committed another crime wholly independent of that for which he is on trial, even though it is a crime of the same sort, is irrelevant and inadmissible." (8 Cal. Jur. 58, sec. 167; *People* v. *Lane,* 100 Cal. 379 [34 Pac. 856]; *People* v. *Coan,* 85 Cal. App. 580 [259 Pac. 998].)

This rule contemplates an objection on the part of the accused person, to such incompetent and prejudicial evidence. A failure to object to such incompetent evidence is a waiver of the error.

■ It is equally true that the introduction of evidence of offenses other than the one with which the accused person is charged is competent and admissible when such evidence logically tends to prove any fact material to the es-

tablishment of the crime for which he is being tried. (8 Cal. Jur. 60, sec. 168.)

There appears to have been no reversible error in admitting proof of the forged and fictitious checks by either expert or nonexpert witnesses, for the reasons heretofore assigned.

There was no error in admitting the testimony of certain witnesses in rebuttal. The order of trial is a matter largely in the discretion of the trial court. The record shows no abuse of discretion in that regard.

The evidence of the guilt of the defendant of the grand thefts of which he was convicted, seems quite convincing. There appears to have been no miscarriage of justice in the judgment of conviction in the present case.

The judgment and the orders are affirmed.

Plummer, J., concurred.