[Crim. No. 2477.  First Dist., Div. One.  Oct. 17, 1947.]

THE PEOPLE, Respondent, v. BERT CHAPMAN,
Appellant.

Bert Chapman, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

WARD, J.—Defendant was charged in an amended information containing three counts with violating section 288 of the Penal Code, section 261(1) of the Penal Code, and section 702 of the Welfare and Institutions Code. The counts are alleged as different offenses of the same class and connected in commission with each of the other alleged separate causes of action. The same victim, a female child of the age of 12 years, is named in all counts, and the acts in violation of the respective statutes are alleged to have been committed on the same date. The section 288 count is primarily based upon feeling the private parts of the minor female. The second count alleges an act of sexual intercourse with the same child, and the violation of section 702 of the Welfare and Institutions Code in the third count sets forth among other things that the private parts of the same female child were touched with the private parts of the defendant.

The amended information also charged convictions of and servitudes for three prior felonies which by reference were made a part of each count. The defendant entered a plea of not guilty to each offense charged and admitted the three prior convictions. The defendant, represented by legal counsel, was tried, but the jury disagreed and was discharged. On the second trial the record indicates that there was some confusion in the selection of either new counsel or the retention of the previous trial attorney. The new counsel withdrew. The defense was conducted by the counsel of the previous trial, the public defender, and without objection, defendant was permitted to appear in propria persona. This practice is questionable. The jury found the defendant guilty on each count. A motion for a new trial was presented and denied, whereupon the court adjudged and decreed that the sentences imposed should run concurrently on each count.

The original trial attorneys filed a written notice of appeal from the judgment rendered and from the order denying a new trial. Thereafter the defendant in propria persona filed a separate notice of appeal from the same order and judgment. The brief is signed: ''Bert Chapman, Appellant, In pro Per.'' There is no appearance by an attorney.

The appeal is based upon the following alleged errors: ''I. The trial court is guilty of prejudicial misconduct in reading the information including the three prior convictions alleged therein to the jury, two (2) times: In view of prior convictions being admitted at arraignment. II. The trial court

was guilty of misconduct in permitting counsel for the people to cross-examine appellant concerning prior convictions in view of the fact that appellant had admitted said prior convictions on arraignment. III. The evidence does not sustain the verdict.'' In support of the third point, the brief simply states: ''[from] the reading of the entire transcript it will be seen that the evidence does not support the verdict.''

A statement in a brief that the evidence is insufficient to sustain a verdict without some reason given therefor is a mere recital of specifications without argument and may be passed by an appellate court without comment. (*People* v. *Weiskopf*, 60 Cal.App.2d 214 [140 P.2d 201].) It has been held that when the sufficiency of the evidence has been determined by a jury and subsequently on motion for a new trial by a court, without an analysis of the legal insufficiency of the evidence an appellate tribunal may assume that the assigned errors in this respect are directed only against the weight of the evidence. (*People* v. *Carlson*, 73 Cal.App.2d 933 [167 P.2d 812].)

A layman who is unacquainted with procedure on a criminal appeal and possesses only a smattering knowledge of the law involved but represents himself on appeal, usually overlooks debatable points that would be readily recognized by one trained in the law. The fact that a defendant in a criminal case represents himself on appeal does not require an appellate tribunal to examine the record for error that has not been raised on appeal or to discover whether some late decision may be of avail to the appellant. In this particular case the court, on account of the poorly-prepared brief filed by the appellant has concluded that the best interests of justice demand that it ignore the general rule that it refuse to consider points not raised in the briefs.

The minor girl in this case lived with her father who worked during hours that permitted the girl of her own volition to be away from home without restraint. She visited with the defendant about ten times. He entertained her at his residence, gave her money and provided food, including candy and ice cream. Without relating the details, it is sufficient to say that the appellant's conduct in kissing, hugging and fondling the minor child, and feeling her private parts, was in violation of either Penal Code section 288 or section 702 of the Welfare and Institutions Code. On several occasions rape was attempted without success on account of physical impediment, but on the last two visits of the girl to defendant's

bedroom, with the assistance of artificial means actual rape occurred. The girl was physically examined and scientific tests made not only of the female parts, but of certain pieces of cloth used immediately after the rape, which satisfied the triers of the facts of the truth of the charge. The defendant admitted that the girl had visited his residence. Some of these visits were corroborated by other witnesses. The evidence is not inherently improbable. On the contrary, as read in print it appears to be convincing to a moral certainty and beyond a reasonable doubt. Under such circumstances, an appellate court is not permitted to interfere unless error appears in the record and indicates that the court or counsel has prejudiced the substantial rights of the defendant. If the specified error involved a ruling or order, an objection must have been presented; otherwise in this respect the substantial rights of the defendant as a matter of law have not been jeopardized. (Pen. Code, § 1259.)

A search of the record indicates that some objection was made during the trial relative to the introduction of a photograph of a nude female. Appellant does not mention this point on appeal. The girl testified that appellant stated that it was her picture. Assuming that it was not, still the exhibition of the photograph to the minor girl in conjunction with other acts might have had a tendency to bring her within the class of delinquents denounced in Welfare and Institutions Code, sections 700 and 702. However, the photograph was not made the basis of the third count. The picture was introduced as an exhibit in the case, based upon the testimony of the girl given on the trial. A certain conversation given as testimony by an inspector of police as to what the girl said to the inspector in the presence of the defendant was stricken from the record upon the theory that whatever the girl said to the inspector about the picture was met by a denial from the defendant. No error appears in this respect. The picture was corroborative of other evidence substantiating the offense set forth under Welfare and Institutions Code, section 702.

Appellant urges that on two occasions the court or the clerk stated in the presence of the jury that the defendant had suffered three prior convictions. From the reporter's transcript appellant quoted: "The Court read the information to the jury." There should be added, as appears in the clerk's transcript, "and stated the Defendant's pleas of Not Guilty to each offense charged." At the outset of the court's instruc-

tions there appears the following statement: "Now, I will again read to you the information containing the charges against this defendant. (Thereupon the Court read the information to the jury.)" The record does not disclose that the data pertaining to prior convictions was read to the jury.

█ If the court merely read to the jury the allegations of the crimes with which the defendant was charged, and omitted the allegations referring to prior convictions, no error was committed. (*People* v. *Schunke,* 47 Cal.App.2d 542 [118 P.2d 314] ; *People* v. *Douglass,* 87 Cal. 281 [25 P. 417].) █ An appellate court is limited to the record on appeal. (*People* v. *Silva,* 2 Cal.App.2d 616 [38 P.2d 481].) There is no proof in this case that the prior convictions were read. An information in form similar to an indictment (Pen. Code, § 809) sets forth an accusation in writing which charges a public offense (Pen. Code, § 917). On arraignment the accused is asked if he pleads guilty or not guilty to the crime alleged in the information or indictment. (Pen. Code, § 988.) The accused may also interpose pleas of former conviction or acquittal, once in jeopardy or not guilty by reason of insanity to the charge outlined in the information or indictment. (Pen. Code, §§ 1016, 1017.) There is no provision for a plea to a recitation in the indictment or information of guilty or not guilty of an alleged prior conviction.

█ The purpose of establishing the fact that an accused on trial has been convicted of an act punishable by imprisonment in this state and that such person has suffered servitude for such conviction is to fix the punishment (Pen. Code, § 644) in the event of conviction of the offense set forth in the indictment. The charge of a prior conviction only requires that the defendant admit that he did or did not suffer a conviction and servitude for such offense. The refusal to admit or deny the alleged prior conviction is equivalent to a denial. (Pen. Code, § 969½.)

█ If the defendant pleads not guilty and answers that he has suffered the alleged previous conviction, it is not necessary to prove previous conviction. (Pen. Code, § 1025.) Alluding to such conviction may be reversible error, but failure to object is a waiver of the error. (*People* v. *Porter,* 123 Cal.App. 618 [11 P.2d 894].) If the priors were read to the jury after defendant had admitted suffering the respective alleged convictions, the record does not disclose that any objection was interposed.

There is no common purpose between Penal Code, sections 1025 and 644, and Code of Civil Procedure, section 2051. The purpose of the Penal Code sections has been stated heretofore, while the Code of Civil Procedure section may be used only to impeach a witness, including a defendant, if he testifies, upon the theory that he has been convicted of a felony. This right of impeachment under the provisions of Code of Civil Procedure, section 2051 is available notwithstanding that a prior conviction is admitted in conformity with Penal Code, section 1925. (*People* v. *Arnold,* 116 Cal. 682 [48 P. 803]; *People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924]; *People* v. *Murray,* 42 Cal.App.2d 209 [108 P.2d 748], accord 8 Cal.Jur. 647 and Note 103 A.L.R. 357.)

On cross-examination the defendant as impeaching evidence admitted the priors. It has been held that such admission cures any error that may have occurred in referring to a prior conviction in the presence of a jury previous to the reception of the impeaching testimony. At least, it has been held such reference is not prejudicial. (*People* v. *Booth,* 72 Cal.App. 160 [236 P. 987]; *People* v. *Jeffries,* 47 Cal.App.2d 801 [119 P.2d 190]; *People* v. *Jones,* 78 Cal.App. 554 [248 P. 964]; *People* v. *Dutton,* 41 Cal.App. 2d 866 [107 P.2d 937].)

*People* v. *Richardson,* 74 Cal.App.2d 528 [169 P.2d 44], cited by appellant, is not in point. In the Richardson case the defendant *denied* the prior convictions as alleged in the information. It was necessary to prove the prior convictions. There was offered in evidence, in addition to the necessary proof, a record of arrests without conviction on felony and *misdemeanor* charges. This was prejudicial to the rights of the defendant in the Richardson case. Such facts do not appear in the present case.

Appellant states that this case is merely one of veracity between the defendant and the girl "And more particularly so when it is considered that no cooberation [sic] of the youngsters story of the actual act was proved." Thereupon it is urged that the alleged misconduct of the trial judge should be considered more serious than in an ordinary case of this character. The statement of appellant is not correct. There was no misconduct on the part of the trial judge, and the girl's testimony was corroborated in a convincing manner by evidence seldom found in the character of crimes alleged in the information.

In *People* v. *Greer,* 30 Cal.2d 589 [184 P.2d 512], the

defendant was charged with violating Penal Code, section 288, Penal Code, section 261(1) and Welfare and Institutions Code, section 702. He was convicted on the Welfare and Institutions Code, section 702 and the jury disagreed on the Penal Code charges. The defendant was sentenced on the section 702 conviction and subsequently placed on retrial on the Penal Code sections. Defendant pleaded double jeopardy, but the trial court refused the offer of proof. This refusal was held error. On the second trial the defendant was convicted on Penal Code, sections 288 and 261(1) and duly sentenced, the sentences to run concurrently with each other and the section 702 sentence.

*People* v. *Greer, supra,* pages 596-601, sets forth: "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. . . . Statutory rape (§ 261(1)) and lewd and lascivious conduct (§ 288) are offenses against minors under 18 and 14 years of age, respectively, whereas section 702 protects minors under 21. Consequently, the age groups covered by sections 261(1) and 288 of the Penal Code are necessarily included within the age group covered by section 702 of the Welfare and Institutions Code. . . . Since every violation of sections 261(1) and 288 is also a violation of section 702, the offense defined in the latter is an offense necessarily included in the offenses defined in sections 261(1) and 288. . . . We are holding, not that these offenses are identical, but that every violation of sections 261(1) and 288 necessarily constitutes a violation of section 702 and that therefore the offense defined in section 702 is an offense necessarily included in the offenses defined in sections 261(1) and 288.

"In the first trial, therefore, it was not necessary for the district attorney to charge a violation of section 702 to obtain a conviction of defendant for committing that offense. He could have charged statutory rape and lewd and lascivious conduct, and the jury, under proper instructions, could have returned a verdict of guilty of contributing to the delinquency of a minor. . . . Had the jury done so, defendant would necessarily have been acquitted of the greater offenses. . . . Instead, he is now convicted of both the included and the greater offenses. He had been subjected to more than an additional trial. The trial court has ordered that he serve overlapping sentences, for he has already been imprisoned for

contributing to the delinquency of a minor, and his present sentence runs concurrently with his previous one only as to time not yet served. . . .

"The prosecution cannot avoid the consequences of a conviction of a necessarily included offense by charging the included offense in a separate count, on the theory that a conviction under such circumstances constitutes a conviction of a separate offense. . . .

"Although the offense of contributing to the delinquency of a minor is necessarily included in the offenses defined in sections 261(1) and 288 of the Penal Code, defendant could be convicted of all three offenses if separate acts served as the basis of each count. Indeed, defendant can be convicted more than once under the same statute, so long as he is prosecuted for separate acts. The doctrine of included offenses is applicable only when the same act is relied upon for more than one conviction. . . .

"It is obvious that the necessary elements of lewd and lascivious conduct could be stated without stating the necessary elements of statutory rape."

The court in the Greer case discusses the history of section 288 and concludes that the section as amended (Stats. 1936, p. 1562) does not authorize double punishment for the same act or acts, and holds that statutory rape is an offense included within the terms of section 288. The court said (p. 603): "Now statutory rape committed upon the body of a child under 14 years of age can be punished as a lewd and lascivious act. It cannot, however, be punished twice, as statutory rape and as lewd and lascivious conduct." It further said (p. 604): "The prosecution may charge both crimes in the same information. The jury must be instructed, however, that, as in the case of necessarily included offenses, there can be only one verdict of guilty."

The Greer case does not determine that the accomplishment of statutory rape (§ 261(1)) includes a lewd and lascivious act as set forth in section 288, but *"instead, the crime of statutory rape is included within section 288 by that section's own terms, and the rape forms the basis for the prosecution under section 288."* (Emphasis added.) (*People* v. *Greer, supra,* p. 603.)

In the present case the acts alleged in the three counts are not identical, but the offenses alleged in Welfare and

866

Institutions Code, section 702, are included in Penal Code, sections 261(1) and 288; and, following the holding in *People* v. *Greer, supra,* the rape offense (261(1)) is included in the lewd and lascivious offense set forth in section 288.

*People* v. *Greer, supra,* is the latest expression by the highest—the Supreme Court—of this state upon the legal points involved. Such views are binding on this court.

The judgment of conviction and the order denying the motion for a new trial insofar as it covers the first count—a violation of Penal Code, section 288—in the amended information are, and each of them is, affirmed. The judgment and the order denying a new trial insofar as they refer to counts II, an alleged violation of Penal Code, section 261(1), and count III, an alleged violation of the Welfare and Institutions Code, section 702, are and each of them is reversed, and the trial court is directed to proceed in accordance with the views herein expressed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 14, 1947.