[Crim. No. 852. Second Appellate District, Division One.—February 14, 1922.]

THE PEOPLE, Respondent, v. M. WOOD, Appellant.

[1] CRIMINAL LAW — RAPE — ASSISTANCE IN PROCURING ROOM — EVIDENCE—VERDICT.—In this prosecution for the crime of statutory rape, while it was conceded that the defendant did not have sexual intercourse with the girl involved, the evidence showing that the defendant, at the request of the man who was jointly charged with the crime, procured a room for the use of the latter and the girl, to which he conducted them and where they spent the night, until defendant returned and awakened them, coupled with

the evidence showing that defendant knew the illegal purpose for which the room was to be used, warranted the verdict of guilty.

[2] ID. — PROSPECTIVE MARRIAGE TO PROSECUTRIX — IMMATERIAL EVIDENCE.—In such prosecution, the man who occupied the room with the girl involved having appeared as a witness for the state, the trial court did not commit error in sustaining the prosecution's objections to questions asked of such witness, on cross-examination by defendant, as to whether he was going to marry the prosecuting witness and also if it was not a fact that, expressing a desire to marry the girl, the district attorney objected to his so doing until after the trial of the case.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Rowen Irwin and Farnsworth, McClure and Burke for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant and one James Moore were jointly charged by information with the crime of committing statutory rape. As to Moore the information was dismissed, and upon trial defendant was convicted. He has appealed from a judgment whereby he was sentenced to imprisonment in the county jail for a term of nine months.

[1] Appellant's chief contention is that the verdict is not warranted by the evidence. While it is conceded that defendant did not have sexual intercourse with the girl involved, it conclusively appears from the evidence that at about 2 o'clock in the morning, defendant meeting Moore and his companion together, he, at the request of Moore, procured a room for their use, to which he conducted them and where they spent the remainder of the night until 6 o'clock, at which time, as agreed, defendant returned and awakened them. That, as shown by the evidence, he knew the illegal purpose for which the room was to be used and knowingly both aided and abetted Moore in the commission of the crime, conclusively appears.

Section 31 of the Penal Code provides that "All persons concerned in the commission of a crime, . . . whether they

directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed.'' And by section 971 of the Penal Code it is provided that ''All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried and punished as principals.'' Under these provisions of the code, it is manifest 'hat it was the intention of the legislature to make one who aids and abets another in the commission of a crime a principal therein, and to abrogate the distinction between an accessory before the fact and a principal. Not only as declared by statute is the evidence ample to justify the verdict found by the jury, but the case is not unlike that of *People* v. *Lewis*, 9 Cal. App. 279 [98 Pac. 1078], wherein a conviction rendered under similar circumstances was upheld.

[2] James Moore appeared as a witness for the state, and, on cross-examination by appellant, was asked if he was going to marry the prosecuting witness, and also asked if it was not a fact that, expressing a desire to marry the girl, the district attorney objected to his so doing until after the trial of the case, to both of which questions objection was sustained. We are unable to perceive any error in the rulings. The answers of the witness, whether negative or affirmative, could not affect the question of defendant's guilt; and since as appears from the record no promises were made to Moore in consideration of his testimony, the answers could have no effect upon the credibility of his testimony.

The appeal is wholly without merit.

The judgment is affirmed.

Conrey. P. J., and James, J., concurred.