28 Cal.App.3d 1091 (1972)
104 Cal. Rptr. 530
THE PEOPLE, Plaintiff and Respondent,
v.
BERNARDO GOUZIN GONZALEZ, Defendant and Appellant.
Docket No. 9978.
Court of Appeals of California, First District, Division One.
November 29, 1972.
*1093 COUNSEL
Richard D. Totter, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Edward P. O'Brien and Joyce F. Nedde, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
ELKINGTON, J.
Bernardo Gouzin Gonzalez was charged by information with two counts of "Assault with a deadly weapon with intent to commit murder." The first count alleged: "That said defendant on or about March 28, 1971 ... did wilfully, unlawfully and feloniously assault Reynaldo Ayala with a deadly weapon with intent to commit murder in violation of Secton 217 of the California Penal Code." The second count was pleaded in identical language, except that one Hilario M. Duran was named as the victim.
At the conclusion of the trial's testimony the People, over Gonzalez' objection and by leave of court, filed an amended information adding four new counts as "different statements" of the initially charged offenses. (See Pen. Code, § 954.) The purpose according to the prosecutor, was to prevent "possible confusion" in the jury instructions on lesser included offenses.
One of the newly added counts charged that defendant did "assault Reynaldo *1094 Ayala with a deadly weapon with intent to commit manslaughter in violation of Section 221 of the California Penal Code"; another charged that he "did assault Reynaldo Ayala with a deadly weapon in violation of Section 245 of the California Penal Code." The remaining two added counts were repetitive of the first two, except that Hilario M. Duran was named as the victim in each.[1]
Gonzalez' objection to the amended information was based solely on his contention that the newly added counts did not cover lesser included offenses, but instead charged him with "greater offenses" than those originally pleaded. The contention is based on recent amendments to the Penal Code which we shall now discuss.
Penal Code section 217, enacted in 1872, proscribing assaults "with intent to commit murder" continues to provide a penalty of "imprisonment in the state prison not less than one nor more than fourteen years." (Italics added.)
In 1965 the prison term for violation of Penal Code section 221 covering, among other aggravated assaults, assaults with intent to commit manslaughter, was changed from "not exceeding five years" to "not exceeding 15 years." (Italics added.)
In 1970 the state prison penalty for assault with a deadly weapon (Pen. Code, § 245, subd. (a)) was amended from "Not exceeding ten years" to "for six months to life." (Italics added.)
Since the determinants whether offenses are greater or lesser with respect to each other, are generally the prescribed maximum penalties (In re McGrew, 66 Cal.2d 685, 688-689 [58 Cal. Rptr. 561, 427 P.2d 161]; People v. Gay, 230 Cal. App.2d 102, 104 [40 Cal. Rptr. 778]), it will be seen that assault with intent to commit murder is now, quite illogically, an offense lesser than either assault with intent to commit manslaughter or assault with a deadly weapon.
By jury verdicts Gonzalez was convicted on the two counts of assault with a deadly weapon. He appeals from the judgment which was thereafter rendered.
I. (1a) Gonzalez expresses one of the questions before us as: "Whether the prosecution may insert a life sentence crime [assault with a deadly weapon] into a one-to-fourteen-years case [assault with intent to commit murder] after the same has been tried?"
*1095 Initially we point out that the amended information was offered and allowed under Penal Code section 1009 which permits an information's amendment "at any stage of the proceedings" and provides that the trial "shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted." Such amendments even at the close of the trial as here, are permitted where no prejudice is shown. (People v. De Georgio, 185 Cal. App.2d 413, 421 [8 Cal. Rptr. 295]; People v. Jones, 25 Cal. App.2d 517, 521 [77 P.2d 897].) Gonzalez sought no postponement, and as we have indicated, his only objection was, in effect, that toward the end of his trial on certain offenses, he was improperly charged with, and then found guilty of, other and greater offenses.
Gonzalez' instant argument is not supported by the record. While he insists that he was originally charged with assaults "with intent to commit murder," as has been indicated he was instead charged with assaults "with a deadly weapon with intent to commit murder." (Italics added.)
Formerly such pleading would charge the greater offense of assault with intent to commit murder, and the lesser included offense of assault with a deadly weapon. (People v. Koontz, 7 Cal. App.3d 30, 38 [86 Cal. Rptr. 374]; People v. Nichelson, 217 Cal. App.2d 273, 278 [31 Cal. Rptr. 750]; People v. Butterfield, 177 Cal. App.2d 553, 557 [2 Cal. Rptr. 569].) With the severity of the respective penalties now inverted it must be deemed that Gonzalez at the outset was charged with the offense of assault with a deadly weapon, and the lesser included offense of assault with intent to commit murder.
(2) In determining what lesser offenses are included in the charge of an information, we must look to that pleading alone, not to statutory definitions. (People v. Marshall, 48 Cal.2d 394, 405 [309 P.2d 456]; People v. Meyer, 216 Cal. App.2d 618, 629 [31 Cal. Rptr. 285]; People v. Williams, 189 Cal. App.2d 254, 265 [11 Cal. Rptr. 142]; People v. Stewart, 188 Cal. App.2d 88, 90 [10 Cal. Rptr. 217].) (1b) And it is of no moment that Gonzalez' original charges were described as violations "of section 217 of the California Penal Code." It is the language of the charge that controls. (See People v. Charles, 218 Cal. App.2d 812, 818 [32 Cal. Rptr. 653]; People v. Siegel, 198 Cal. App.2d 676, 683-684 [18 Cal. Rptr. 268]; People v. Rivers, 188 Cal. App.2d 189, 195 [10 Cal. Rptr. 309]; People v. Aresen, 91 Cal. App.2d 26, 36 [204 P.2d 389, 957].) Gonzalez was in no way misled; it was apparent to him that he was charged with assaults "with a deadly weapon with intent to commit murder." (Italics added.)
From all of this it appears that Gonzalez was charged, ab initio, with the *1096 crimes of assault with a deadly weapon. He suffered no conceivable prejudice later in the trial by restatements of those charges in separate counts. The instant contention is without merit.
II. (3) Following the information's amendment Gonzalez' attorney stated to the court: "I would request that the court instruct the jury with regard to the severity of the punishment of these three charged offenses, even though the court generally does not instruct the jury as to punishment. I would request that the jury be made aware that assault with intent to commit murder, assault with intent to commit manslaughter, and assault with a deadly weapon are, in that order, lesser charges. The most severe being assault with a deadly weapon, next most severe being assault with intent to commit manslaughter, and the next most severe being the assault with intent to commit murder. I feel that the term `murder' and even the term `manslaughter' as opposed to simple assault with a deadly weapon charge would give a connotation to the jury that, if they wanted to find him guilty of some lesser charge, that they might choose assault with a deadly weapon, and, in fact, the punishment for that is six months to life as to opposed to a 15 or 14 year maximum on the other two charges." (Italics added.)
The People objected to the request. The court, however, stated: "[G]enerally speaking ... the Court instructs the jury not to consider punishment. However, Mr. Ferguson's argument does make sense in light of the peculiar statutory changes that have occurred in these three sections we have considered here. And there is merit in his argument and, accordingly, I'm going to accede to his request and instruct the jury as he's requested."
The jury were thereafter instructed: "You are advised that the potential maximum punishment for the offenses charged is in degree of severity as follows:
"1. Most severe ADW.[2]
"2. Next most severe  Assault With a Deadly Weapon With Intent to Commit Manslaughter.
"3. Next most severe  Assault With a Deadly Weapon With Intent to Commit Murder.
"That is a matter which must not in any way affect your verdict."
Our consideration of this instruction indicates a substantial compliance with Gonzalez' request.
*1097 Nevertheless, it is now contended (by different counsel) that the instruction was erroneous since it "is inherently confused and confusing; that it creates intellectual chaos in the minds of the jurors."
The contention is invalid. It was proper for the court to tell the jury that considerations of punishment should not affect their verdict. (People v. Moore, 257 Cal. App.2d 740, 750 [65 Cal. Rptr. 450]; People v. Shannon, 147 Cal. App.2d 300, 306 [305 P.2d 101].) And a party may not complain of a jury instruction requested by him, as here, for an obviously deliberate tactical purpose. (People v. Mosher, 1 Cal.3d 379, 393 [82 Cal. Rptr. 379, 461 P.2d 659]; People v. Graham, 71 Cal.2d 303, 318 [78 Cal. Rptr. 217, 455 P.2d 153]; People v. Ray, 252 Cal.2d 932, 963 [61 Cal. Rptr. 1].)
III. It is next contended that Gonzalez, who claims to be a member of a minority group, had a right to representation of that minority on the jury. No authority is offered in support of the contention, which we find to be without merit.
(4) One has no right to be tried by a jury which includes persons of his minority group or by a jury proportionately representative of the community. (Swain v. Alabama, 380 U.S. 202, 208 [13 L.Ed.2d 759, 766, 85 S.Ct. 824].) It is true that a state may not systematically exclude persons from jury service on the basis of race, color or national origin. (Whitus v. Georgia, 385 U.S. 545 [17 L.Ed.2d 599, 87 S.Ct. 643]; People v. Schader, 71 Cal.2d 761, 784 [80 Cal. Rptr. 1, 457 P.2d 841]; People v. Hayes, 276 Cal. App.2d 528, 533 [80 Cal. Rptr. 893].) But there is no evidence of such systematic exclusion here.
IV. (5) Gonzalez' final contention is that the conviction of assault with a deadly weapon on Hilario R. Duran is unsupported by the evidence.
Considered in the light most favorable to the People (see People v. Sweeney, 55 Cal.2d 27, 33 [9 Cal. Rptr. 793, 357 P.2d 1049]), the evidence on this point may be stated as follows. On the night in question Gonzalez telephoned a lady friend, saying he was coming to her apartment. She asked him not to come, but a few minutes later he did, breaking in the kitchen door. Finding her with Ayala, he said, "I'm going to kill both of you." He stabbed Ayala with a 7- or 8-inch knife while the lady ran to Duran's next door apartment where she hid in the bathroom. Gonzalez followed and demanded that Duran tell him where she was. He said, "If you don't tell me where she is I'm going to kill you, too, as well as I do the other." Duran was not touched by the knife. He testified, "[He] don't hit me. [He] just tried, [he] just point the knife at me.... Just pointed it, tried to *1098 kill me. My wife got right close to his back and told him not to do it. She said, `My husband don't know anything about it, about your business.'" He said she then "walked to the telephone in the living room. I got two telephones, try to call the police." Gonzalez then left the apartment.
The jury could reasonably have concluded, as they did, that Gonzalez' knife was a deadly weapon. (See People v. Cook, 15 Cal.2d 507, 516-517 [102 P.2d 752].) And to warrant conviction of assault with a deadly weapon "it was not necessary that the prosecution introduce evidence to show that the appellant actually made an attempt to strike or use the knife. ..." (People v. McCoy, 25 Cal.2d 177, 189 [153 P.2d 315].) "It need only be proved that a deadly weapon was used and that the defendant intended to commit a violent injury on another...." (People v. Sanders, 206 Cal. App.2d 479, 483 [23 Cal. Rptr. 725]; see also People v. Herrera, 6 Cal. App.3d 846, 851 [86 Cal. Rptr. 165]; People v. Thompson, 93 Cal. App.2d 780, 782-783 [209 P.2d 819].)
The evidence supports a jury finding that Gonzalez "actually made an attempt to strike or use the knife" on Duran. And certainly the jury could reasonably conclude that Gonzalez had an intent to use the weapon, an intent which was discouraged when Mrs. Duran went to call the police.
The jury verdicts on both counts of assault with a deadly weapon were supported by substantial evidence.
The judgment is affirmed.
Molinari, P.J., and Weinberger, J.,[*] concurred.
NOTES
[1] No contention is made that the additional counts were not established "by the evidence taken at the preliminary examination...." (See Pen. Code, § 1009.)
[2] The written instruction from which the court read, says "ADW" at this point. Just how the abbreviation was read does not appear. However, Gonzalez makes no point of the matter.
[*] Assigned by the Chairman of the Judicial Council.