[Crim. No. 25800. Second Dist., Div. Two. May 13, 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
OTIS G. CONELY, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Norman Koploff and H. Reed Webb, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**COMPTON, J.**—Defendant was charged in an information in count I with the crime of murder, in count II with forcible rape and in count III with burglary. The superior court granted defendant's motion pursuant to Penal Code section 995 and ordered count I of the information set aside. The People appeal.

### Facts

On March 28, 1974, at about 1 a.m., defendant in company with one Marcelino Perez went to the apartment of Susan Kirksey. Defendant resided in the same apartment building. Defendant knocked on Mrs. Kirksey's door and identified himself as a neighbor. He ascertained from Mrs. Kirksey that her husband was not home. About five minutes later defendant again knocked and identified himself. Mrs. Kirksey opened the door and observed defendant and Perez standing in the hall.

After some conversation defendant and Perez entered the Kirksey apartment. Defendant exhibited a knife and compelled Mrs. Kirksey to accompany him to his apartment where in the presence of Perez he forced Mrs. Kirksey to engage in sexual intercourse.

After the above events Mrs. Kirksey returned to her own apartment and locked the door. A short time later she heard defendant and Perez arguing in the hall. Mrs. Kirksey obtained a gun from a dresser and stood about 4 or 5 feet from the door. There then came a knock on the door and Mrs. Kirksey said "Get away from my door. I have a gun," to which defendant replied "We'll see about that."

Immediately thereafter the door was broken open from the outside and Mrs. Kirksey could see Perez, who was apparently unarmed, standing in the door and defendant standing to one side. Perez entered the apartment and Mrs. Kirksey ordered him to stop. She pulled the trigger of the gun but it misfired. Perez continued to advance and Mrs. Kirksey again pulled the trigger. This time the gun went off killing Perez. Defendant was still standing by the door of the Kirksey apartment. Defendant was charged in count I of the information with the murder of Perez.

In ruling on the section 995 motion the trial court stated that the facts were insufficient to support the magistrate's conclusion that defendant

aided and abetted the deceased Perez in breaking into the apartment just prior to the shooting.

The People correctly cite established authority that the question of whether a person is an aider and abettor in the commission of a crime is one of fact, (*People* v. *Herrera,* 6 Cal.App.3d 846 [86 Cal.Rptr. 165]) and that the superior court in ruling on a motion under Penal Code section 995 is obliged to deny the motion if there is any substantial evidence to support the factual determination of the committing magistrate. (*Rideout* v. *Superior Court,* 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197].)

We agree with the People that there was substantial evidence to support the conclusion that defendant and Perez were at the time of the shooting jointly engaged in a felonious entry of the Kirksey apartment with the purpose of committing forcible rape.

That, however, does not end the matter. ▮ Though we give the evidence all the force to which it is entitled, we conclude that under the principles of *People* v. *Washington,* 62 Cal.2d 777 [44 Cal.Rptr. 442, 402 P.2d 130], and *Taylor* v. *Superior Court,* 3 Cal.3d 578 [91 Cal.Rptr. 275, 477 P.2d 131], defendant cannot be charged with being vicariously liable for the death of his partner in crime at the hands of the intended victim.

▮ In *People* v. *Washington, supra,* it was established that the felony-murder doctrine cannot be applied to fasten on a participant in the felony, guilt for the killing of an accomplice by a resisting victim because the malice aforethought which is a necessary ingredient in the crime of murder is not present in such a situation. The killing in such a case is not in furtherance of the object of the felony.

▮ In *Taylor* v. *Superior Court, supra,* citing with approval *People* v. *Gilbert,* 63 Cal.2d 690 [47 Cal.Rptr. 909, 408 P.2d 365], it was held that under certain very limited circumstances a defendant can be found guilty of a murder on a theory of vicarious liability "When the defendant or his accomplice, with a conscious disregard for life, intentionally commits an act that is likely to cause death, and his victim or a police officer kills in reasonable response to such act, . . ." (*People* v. *Gilbert, supra,* at p. 704.)

The difference between *Washington* and *Taylor-Gilbert* is the presence in the latter cases of conduct by the defendant or his accomplice, apart from the commission of the felony, which directly and immediately threatens death. In order to invoke the *Taylor-Gilbert* rationale the defendant must commit an act that in and of itself involves a high probability that it will result in death and be of such a character that malice is implied from the act and not by application of the felony-

murder doctrine. The acts of defendant and Perez here fell short of conduct which could be so characterized.

We do not in any way minimize the gravity of the crime of forcible rape by concluding that the conduct of defendant and Perez did not carry the threat of or a high degree of probability of death. True, some rapists do kill and some rape victims do resist until death. In those situations the killing is made first degree murder by law.

On the other hand, there is always the likelihood, as here, that a rape victim will resist and kill her assailant. This situation is similar to what can and often does occur in a robbery, but as it was stated in *People* v. *Washington,* 62 Cal.2d 777 [44 Cal.Rptr. 442, 402 P.2d 130], at page 781: "In every robbery there is a possibility that the victim will resist and kill. The robber has little control over such a killing once the robbery is undertaken as this case demonstrates. To impose an additional penalty for the killing would discriminate between robbers, not on the basis of any difference in their own conduct, but solely on the basis of the response by others that the robber's conduct happened to induce."

The People argue that we should infer, or more properly that the magistrate could reasonably infer, that because defendant and deceased advanced against an armed victim, death was highly probable. The suggestion is that the apparent failure of the victim's display of the gun to deter the defendant and deceased indicated that defendant or deceased would have killed the victim in order to obtain their objective.

The difficulty with that argument is that defendant's liability for the death would rest solely upon the victim's particular response. While the victim's response here was a reasonable one under the circumstances, it was not the only one that might have been foreseen.

The evidence here does not establish the second requirement of *Taylor-Gilbert* that the act of defendant or his accomplice was one from which malice could be inferred.

The order is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 9, 1975.