Filed 7/30/15  P. v. Quinones CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CARLOS QUINONES, <br><br> Defendant and Appellant. | D066588 <br><br><br> (Super. Ct. No. SCS269593) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Carlos Quinones of one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)). The jury also found that appellant personally used a deadly weapon in the commission of the offense (§ 1192.7, subd. (c)(23)). !CT 122)! Appellant admitted six prior felony convictions, including three prison prior convictions (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). The court denied the motion to dismiss the strike prior and sentenced appellant to a determinate term of nine years in prison.

Quinones appeals contending the evidence was in conflict and the prosecution's principal witness was not credible, therefore the evidence does not support the conviction. Secondly, appellant contends the trial court abused its discretion in denying his motion to dismiss the strike prior.

Applying the proper standard of review we will find sufficient substantial evidence supports the conviction. We will also find the trial court did not abuse its discretion in declining to dismiss the strike prior. Accordingly, we will affirm the judgment.

STATEMENT OF FACTS

At about 10:00 p.m. on January 7, 2014, appellant entered a 7-Eleven store in Chula Vista. Raymond Warner was the clerk on duty at that time. Warner refused to sell appellant a bottle of wine because appellant appeared intoxicated and belligerent.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

After appellant left the store, Warner continued to watch him through the store window. When Warner went outside he saw appellant next to the store's dumpsters and observed that appellant had two wine bottles, one of which was broken. Warner called 9-1-1.

Warner next observed a customer, later identified as Efrain Acosta, walking toward the store. At that point Warner saw appellant run up to Acosta and "got into his face." Acosta repeatedly told appellant to back off and leave him alone. Warner made a second call to police.

Another customer, Curtis Howrey, was sitting in his van when the events in this case took place. Howrey also called police. Howrey observed appellant yelling at Acosta and then saw Acosta pull out a knife, waive it in the air and yell at appellant to back off. Acosta then went into the store.

When Acosta again came out of the store, appellant then ran at Acosta while waiving the top portion of a broken wine bottle. Appellant started throwing punches and jabbed the broken wine bottle at Acosta's side. The two men continued to fight until police arrived and forced them to stop.

Police investigation at the scene did not produce a knife, but they did locate broken glass and the broken top of a wine bottle.

Defense

Acosta testified he had been drinking beer and went to the 7-Eleven to buy more beer. Acosta said he did not remember the event very well and could not remember if appellant hit him with an object. When he first arrived at the store appellant attacked

3

him. Acosta said he threw the first punch because he was scared. As Acosta remembered he did not enter the 7-Eleven, but returned home to collect his thoughts. It was later that he returned to the store to buy beer. He said he did not want to run into appellant again, but did not remember much about what happened when he returned.

DISCUSSION

I

*SUFFICIENCY OF EVIDENCE*

Appellant contends the evidence at trial was insufficient to meet the prosecution's burden of proof to show that appellant used a deadly weapon or that he did not act in reasonable self-defense. Appellate counsel recognizes that the testimony of Warner, if believed, would show that appellant was indeed armed with a broken wine bottle and that he appeared to jab the bottle into Acosta's side. Counsel also recognizes that Warner saw appellant run up to Acosta and attack him first. As we will discuss, counsel argues the evidence is insufficient because Warner was biased and thus not credible. It is, of course, not the role of the appellate court to make credibility decisions or reweigh the evidence.

A. Legal Principles

When we evaluate a claim of insufficiency of the evidence to support a conviction we apply the familiar substantial evidence standard of review. Under that standard we review the entire record, drawing all reasonable inferences in favor of the jury's decision. We do not make credibility decisions, nor do we weigh the evidence. Our role is to determine whether there is sufficient substantial evidence from which a reasonable jury could find the prosecution has proved each element of the offense beyond a reasonable

4

doubt.  (*People v. Johnson* (1980) 26 Cal.3d 557, 575-578; *People v. Green* (1980) 27 Cal.3d 1, 55; *People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

The testimony of a single witness, if believed by the jury, is sufficient to support a conviction, unless that testimony is physically impossible or inherently improbable. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)  Reversal of a conviction for insufficient evidence is only required if under no hypothesis whatever is there substantial evidence to support the conviction.  (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

In order to prove assault with a deadly weapon the prosecution must not only prove an assault, which is an attempt to commit a violent injury on another, but also that it was committed with a deadly weapon.  (*People v. Parks* (1971) 4 Cal.3d 955, 959, fn. 1.)  It is not necessary to prove actual injury in order to prove assault with a deadly weapon.  Rather our focus is on the nature of the force used.  (*People v. Herrera* (1970) 6 Cal.App.3d 846, 851; *People v. Aguilar* (1997) 16 Cal.4th 1023, 1035.)

Appellant does not argue that a broken top of a wine bottle is not a deadly weapon when used in an assault on another person, nor could he reasonably make such contention.

## B.  Analysis

The essence of appellant's claim is that there were conflicts in the evidence. Obviously Acosta had a different view of what happened than did Warner and Howrey, including the version that he went home after the first attack.  Certainly Acosta's testimony was partially at odds with others.  Warner said appellant ran up to Acosta and Howrey said appellant approached Acosta, again, sort of a conflict.  However, Warner's

5

testimony shows appellant was the aggressor and that appellant attacked the victim with the top of a broken wine bottle. His testimony is not physically impossible or inherently improbable. Appellant's argument that Warner was biased is not persuasive on appellate review. The jury was properly instructed on the law, including issues of credibility. The jury obviously believed Warner's testimony which is, by itself, sufficient to support the conviction. Further, although there are some minor differences in Howrey's version of the events, his testimony generally corroborates Warner.

We are satisfied there is sufficient substantial evidence to support the conviction for assault with a deadly weapon.

II

*THE MOTION TO DISMISS THE STRIKE PRIOR*

Finally, appellant contends the trial court abused its discretion in declining to dismiss the strike prior. Essentially, appellant argues his strike prior was 10 years old, he was suffering from substance abuse and had a plan to rehabilitate himself and support his children. We will not pause long with this argument.

Trial courts have the discretion to dismiss a strike prior in the furtherance of justice under section 1385. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) The court's decision to grant or deny such motion is vested in the sound discretion of the trial court and will be overturned only where there is a clear abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) In making a decision whether to dismiss a strike prior the trial court must review the defendant's history, the nature of the offense and the defendant's prospects for rehabilitation. The court must determine whether the

6

defendant falls in whole, or in part, within the spirit of the Three Strikes Law.  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

In this case the court was fully aware of its authority to dismiss the prior.  It was also fully aware of the current offense and appellant's background.  Although the strike prior was 10 years old, appellant had a continuous criminal history before and after the prior.  Appellant had six prior felony convictions, three of which were committed after the strike prior.  Appellant had served three separate prison terms and had a number of misdemeanor convictions.  Focusing only on the period following his strike prior, appellant had either been in custody or committing new crimes.  Clearly an experienced trial judge could easily find that appellant came fully within the spirit of the Three Strikes Law.  The court did not abuse its discretion in denying the motion to dismiss.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7